9 w 352
135  443

## M'Conkey *against* M'Conkey.

Since the statute of 1833, which provides, "that the issue of a deceased child or grandchild shall take by representation of their parents," &c., upon the distribution of an intestate's estate, a grandchild shall be charged with the indebtedness of its father to the intestate's estate.

ERROR to the common pleas of *York* county.

William H. M'Conkey, by his guardian, against James M'Conkey, administrator of Hugh M'Conkey, deceased.

Case stated to be considered as a special verdict, and subject to a writ of error.

Hugh M'Conkey, Sen., the defendant's decedent, died intestate in September 1837, leaving to survive him four children and the issue of two deceased children. The defendant became his administrator, and settled his account in the orphans' court of York

[M'Conkey v. M'Conkey.]

county, showing a balance of personal property in his hands of 1586 dollars 55 cents. Hugh M'Conkey, Jun., the son of said deceased and father of the plaintiff, died insolvent in June 1832, and indebted to said Hugh M'Conkey, Sen., by note under seal, dated December 28, 1829, for 150 dollars, payable twelve months after date, with interest from date. The plaintiff is the only child of Hugh M'Conkey, Jun.; and the defendant has paid him his full share of the balance of the above account, except the note aforesaid and its interest.

If the note of Hugh M'Conkey, Jun., cannot be set off against the plaintiff's share of the estate of Hugh M'Conkey, Sen., then judgment for plaintiff for 243 dollars.

If said note can be thus set off, then judgment for defendant.

The court below (Durkee, president) rendered a judgment for the defendant.

*Campbell,* for plaintiff in error, cited 5 *Rawle* 213; 5 *Watts* 25.

*Chapin,* for defendant in error, cited the *Intestate Law of* 1833; *Str. Purd.* 550, sec. 2; 4 *Whart.* 136.

Per Curiam.—Ilgenfritz's appeal was decided without adverting to the statute of 1833, which declares that "the issue of such deceased child, grandchild, or other descendant, shall take, *by representation of their* parents respectively, such share only as would have descended to such parents had they been living at the death of the intestate." On this principle of representation, and not of substitution, had been decided Earnest *v.* Earnest; and the oversight in Ilgenfritz's appeal, is one for which it is difficult to account. It is very plain that the construction put upon the statute in the present case is the proper one.

Judgment affirmed.