Carruth vs. Walker.

FRANCIS S. CARRUTH, Respondent,

*vs.*

ROBERT J. WALKER, Appellant.

APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

By the law merchant, the following is not a negotiable promissory note : "Dolls. 7,500. Philadelphia, 2 mo. 22d, 1853. On the tenth day of November next, for value received, I promise to pay N. A. Middleton, seven thousand five hundred dollars, payable and negotiable without defalcation, at the Bank of Pennsylvania. JOHN W. MIDDLETON."

W. indorsed a note not negotiable, with the words "pay to the order of A." held that between W. and the holder of the note, the indorsement made it negotiable, and subject to the principles and regulations of other instruments of that character.

The demand and protest for non-payment of a note, payable in Pennsylvania, may be proved in this State by a Notary's certificate, made in the former State.

The facts in this case are fully stated in the opinion of the Court.

*J. Neil,* for appellant.

*H. S. Conger,* for respondent.

*By the Court,* WHITON, C. J. The appellant was sued as indorser of a promissory note, of which the following is a copy :

"Dolls. 7,500.          Philadelphia, 2 Mo. 22d, 1853.

On the tenth day of December next, for value received, I promise to pay N. A. Middleton seven thousand five

hundred dollars, payable and negotiable without defalcation, at the Bank of Pennsylvania.

Signed,                          JOHN W. MIDDLETON

Indorsed—N. A. MIDDLETON.

Pay to the order of Charles Abert.

R. J. WALKER,

CHARLES ABERT,

WOOD, BROTHERS & Co."

It is objected that as this is not, by the law merchant, a negotiable promissory note, this action cannot be maintained. We are inclined to the opinion that the note is not a negotiable instrument, although the use of the language " payable and negotiable, without defalcation," might favor the idea that it was the intention of the original parties to make it so But though the note, as originally made, is not a negotiable note, yet the appellant, by indorsing it payable to the order of Charles Abert, made it, as between him and the holder, a a negotiable instrument, and subject to the principles and usages which govern instruments of that character. *Brenzer vs. Wightman,* 7 Watts and Sergeant, 264; *Patterson vs. Poindexter,* 6 id., 227; *Leidy vs. Tammany,* 9 Watts, 352; *Seymour vs. Van Slyck,* 8 Wend. R., 404; *Dean vs. Hall,* 17 id., 214; *Aldis et al. vs. Johnson,* 1 Vt. R., 136; Story on Prom. Notes, §§ 128, 129; Chitty on Bills, 219.

On the trial the plaintiff offered in evidence the notarial certificate of protest of the note, by a notary public in Pennsylvania, which was objected to, on the ground that it was no evidence of a demand of the note. This note was made payable in the State of Pennsylvania, and it was necessary that demand and protest should be made there in compliance with the laws of that State. And by the decisions of the courts of Pennsylvania, it appears by their statute a notarial certificate is evidence of notice to the indorser of a promissory

note of non-payment by the maker. *Brown vs. The Philadelphia Bank,* 6 Sargeant and Rawle, 484 ; *Craig vs. Shullcross,* 10 id., 377, *Bennett vs. Young,* 18 Penn. R., 261. These cases seem to be decisive upon this point.

The judgment of the circuit court is affirmed.