# Person's Appeal.

1. An intestate advanced two of his children; he left no children but grandchildren, the children of three children; *Held*, that the advancements were not chargeable against the grandchildren's shares in the distribution.

2. Where there are grandchildren whose parent has been advanced, and children, the grandchildren take subject to the advancement.

3. Where all the heirs are in equal degree to the intestate they take *per capita ;* each in his own right.

May 21st 1873.  Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Appeal from the Orphans' Court of *Lebanon county :* No. 65, to May Term 1873.  In the distribution of the personal estate of John Pearson, deceased.

The decedent died intestate, having had children, all of whom died in his lifetime.  One of them, Sarah Meiser, left one child, Thomas Meiser; another, William, left one child, Amanda Cherrington; a third, David, left three children : Milton M. Person, Magdalena M. Person, and Emma A. Person.  The decedent left no other descendants in any degree.  Magdalena Person, the widow of the intestate, survived him.  The balance of personal estate in the hands of his administrators was $6900.  James W. Ebur, Esq., was appointed auditor to report distribution.

The auditor found that the intestate had advanced to his son, William, $400, and to his son, David, $4500.  He reported that these sums should be deducted from what would have been the shares of the children respectively, before the fund was distributed amongst the grandchildren.  He accordingly awarded

| | | |
|---|---|---|
| To the widow, . . . . . . | | $2300 |
| To Thomas Meiser, son of Sarah, . . . . | | 1900 |
| To Amanda Cherrington, daughter of William, . | | 1500 |
| To Milton M. Person, | Children of David. | 400 |
| To Magdalena M. Person, | | 400 |
| To Emma M. Person, | | 400 |
| | | $6900 |

Exceptions to the report were filed on behalf of the children of David Person.

The exceptions were overruled and the report confirmed.

The children of David Person appealed to the Supreme Court and assigned for error, that the court erred :—

1, 2, 3. In charging the advancements made to David against the shares of his children.

4. In finding as a fact that there had been any advancement made to David.

*J. Funck,* for appellant.—The grandchildren take in their direct

[Person's Appeal.]

right, and not through their parents by representation : Act of April 8th 1833, sect. 8, Pamph. L. 313; 1 Brightly Purd. 810, pl. 35 ; Miller's Appeal, 4 Wright 389 ; Krout's Appeal, 10 P. Smith 383 ; Scott on Intestate Laws 217, 278. Therefore the advancement to the parent cannot be charged to them : McConkey *v.* McConkey, 9 Watts 352; Earnest *v.* Earnest, 5 Rawle 219 ; Levering *v.* Rittenhouse, 4 Whart. 136 ; Wallace *v.* Keyser, 1 P. F. Smith 498 ; Hughes's Appeal, 7 Id. 180. These heirs take *per capita* : 3 Blackstone's Commentaries, p. 517. The English statute of distribution is in substance the same as ours : Davers *v.* Dewes, 3 Peere Williams 40 ; 2 Williams on Executors 1349, 1363 ; 2 Redfield on Wills 905 and note 25. Taking *per capita* in their own right, grandchildren do not account for the advancements made to their respective parents : Skinner *v.* Wayne, 2 Jones's Eq. (N. C.) 42 ; Bingham on Descents 406. In cases of partial intestacy advancements are not brought into hotchpot : Grew *v.* Speer, 27 Ala. 532 ; Thompson *v.* Carmichal, 3 Sandf. Ch. 126 ; Richmond *v.* Vanhook, 3 Ired. Ch. 581 ; Jerkins *v.* Mitchell, 4 Jones's Eq. (N. C.) 209.

*A. R. Boughter*, for appellees, referred to the Act of 1833 and the cases last cited for appellants.

The opinion of the court was delivered, July 2d 1873, by

MERCUR, J.—John Person died intestate, leaving a widow and five grandchildren. His three children, Sarah, Amanda and David, all died prior to his death. Sarah and Amanda each left one child, and David left three children. These five grandchildren are the only living lineal descendants of the intestate, and are equally removed from him. The question presented is, whether, in the distribution of the estate of the intestate, the children of David are chargeable with advancements made to their father in his lifetime. If the intestate had left surviving him a child or children, against whom these grandchildren were claiming, it is clear they are so chargeable. In that case they would take by representation such share only as their father would have taken, if he had been living at the death of the intestate. How do they take in this case ? The second section of the Act of 8th of April 1833, Purd. Dig. 807, pl. 9, 11, provides " if such intestate shall leave grandchildren, but no child or other descendant, being the issue of a deceased grandchild, the estate shall descend to and be distributed among such grandchildren."

The facts in this case are precisely those indicated by the statute quoted. The intestate left grandchildren, but left no children, and no descendants which were the issue of a deceased grandchild. Then the estate shall be distributed between his grandchildren.

How shall it be distributed? Shall it be by representation *per stirpes*, or shall it be *per capita* ?

Under the Statute of Distributions, 22 & 23 Car. II., which is very similar to our own, it is held that they take *per capita*, that is, equal shares in their own right: 2 Black. Com. 517; 2 Will. on Executors 1349. So under our Act of 19th April 1794, it was held where the intestate's children are all dead, all of them having left children, the parties take *per capita*, or each an equal share in his own right: Earnest *et al. v.* Earnest *et al.*, 5 Rawle 213. The Act of 8th of April 1833, has received the same construction; that is, when all the heirs are in equal degree of consanguinity to the intestate, they take *per capita*: Miller's Appeal, 4 Wright 387; Krout's Appeal, 10 P. F. Smith 380. It is true the second section of the Act of 27th April 1855, Purd. Dig. 808, pl. 26, changes the rule of descent and of distribution among collaterals, but does not change it as to grandchildren of the intestate: Krout's Appeal, *supra*. Then David's children do not take by representation through him. They, as well as the other two grandchildren take in their own right. Unless expressly so declared by statute, it is contrary to reason to hold them liable for advances made to one who is a stranger to their title. Neither the letter nor the spirit of the statute will make a grandchild liable for advances made to one under or through whom he does not claim. The several cases of Earnest *v.* Earnest, *supra;* Levering *v.* Rittenhouse, 4 Whart. 130; Christy's Appeal, 1 Grant 369; McConkey *v.* McConkey, 9 Watts 352; and Hughes's Appeal, 7 P. F. Smith 179, have been cited as establishing a contrary doctrine. We do not controvert the correctness of construction given to the statute in each of those cases. In each of them the facts were entirely different from the present case. In each of them the intestate left surviving children and grandchildren. His heirs were standing in different degrees of consanguinity to him. Hence the rule established for the benefit of their surviving children applied. It follows that where there are no surviving children of the intestate to invoke the aid of the statute relating to advancements, the children of a deceased child do not take subject to advancements made to their father: Skinner *v.* Wayne, 2 Jones's (N. C.) Eq. 42. The learned judge, therefore, erred in confirming the report of the auditor, and the first three assignments of error are sustained. This renders it unnecessary to consider the fourth assignment.

> Decree reversed so far as it relates to the distribution among the several grandchildren of the intestate, and the record is remitted for the Orphans' Court to proceed in conformity to this opinion, and it is ordered that the appellee pay the costs of this appeal.