John Robinson *against* John Martin and David Robinson, executors of William Robinson.

A child dying intestate without wife or child, the father takes all his personal estate.
A legatee dying before the testator his legacy is lapsed; and where a residue is devised to several though some of them are not executors, and there are no words pointing to a tenancy in common, and one of them dies in testator's life-time, his share shall survive.
Divers devises in one will of the same thing, the last devise shall take place.

The following case was submitted to the decision of Yeates and Smith, Justices, at the last court of Nisi Prius held at Harrisburgh for Dauphin county, in October last, by Mr. Hamilton for the plaintiff, and Mr. C. Smith for the defendant.

William Robinson, the testator, by his last will, dated the 12th June 1790, names therein his seven sons; 1. James, to whom he devises 20*l.* and afterwards erases the same; 2. Hugh, to whom he devises 10*l.*; 3. John, to whom he devises 10*l.* and three bonds which he owed his father; 4. Alexander, to whom he devises 5*l.*; 5. David, to whom he devises the one half of his real estate in fee simple, the other half to go to sale; 6. William, to whom he devises 5*l.*; 7. Joseph, a son by a second venter, to whom he devises a legacy of 60*l.* bequeathed to his wife, the mother of the said Joseph, by her father, John Caldwell, &c.—and also his four daughters; 1. Margaret, married to Robert Carnahan, to whom he devises 48*l.* due to him by her husband; 2. Mary, married to Croshier, to whom he devises 1*l.* and the interest of a bond for 27*l.*, including what is due thereon, the principal thereof to be divided equally between her two sons; 3. Elizabeth, to whom he devises 30*l.*, 4. Jean, to whom he devises 40*l.* with the privilege of having her home free while she remained single.

Then come the following clauses in the will;—"Item, I will, that if any of my legatees die without natural heir, that my bequeathments return into my family, to whom they please. And further, I also allow my personal estate, either by vendue or otherwise, and then what ready money is made, be equally divided among my legatees, by equal proportions, at the discretion of my executors. And futher, I allow, that what my estate, personal or real, shall overmount these my bequeathments, that then the overplus shall fall to

my sons, William, David and Joseph, two thirds, and one third of the overplus to my three daughters, Margaret, Elizabeth, and Mary Croshier, her part of that third to her children.   Item, I will to my son Joseph my bed and bed clothes, and his mother's bible and silver buckles."   And then appoints the defendants the executors of his said will.

Previous hereto, the testator, by deed dated 13th February 1783, released to his son Joseph the principal of the legacy bequeathed to his mother, reserving to himself the interest thereof.

Joseph Robinson, aforesaid, died before his father; Margaret and Elizabeth, the daughters, died after his death.

The goods and effects personal of the testater amounted to

|  | l. | s. | d. |
|---|---|---|---|
| The goods and effects personal of the testater amounted to | 828 | 16 | 9 |
| The sales of one moiety of the land, a house and rent, to | 1578 | 16 | 8 |
|  | 2407 | 13 | 5 |

|  | l. | s. | d. |
|---|---|---|---|
| Debts, funeral expenses, and executors' allowance, | 266 | 9 | 3½ |
| Balance in the hands of the executors aforesaid, subject to distribution, | 2141 | 4 | 1½ |
|  | 2407 | 13 |  |

The plaintiff, John Robinson, contends, that besides being the special legatee of 10l. under his father's will, and of three bonds which he owed his father, that he is entitled to a distributive part of the legacies devised to his half brother Joseph, who died before his father, the will directing the different bequests to return back into the family, &c.

The counsel on both sides agreed to submit to the court how far the defendants are accountable to the plaintiff, without argument.

Four questions arose under the foregoing facts. 1. In whom did the equitable interest of Joseph Robinson, under his father's voluntary deed of 13th February 1783, vest? 2. To whom will the other devises under the said will to Joseph go? And is there any difference in this particular between the residuary devise and the other devises to him? 3. In whom will the residue of the estate vest? 4. What is the said John Robinson, the plaintiff, entitled to under the will?

1. The interest of Joseph Robinson, under the deed of 1783, vests in his father as his next of kin. A child dying intestate, without wife or child, the father takes his whole personal estate. 1 Wms. 48, 49. 1 Salk. 251. Comy. 96. 1 Atky. 457. 12 Mod.

622, 624. Gilb. Equ. Rep. 190. 2 Equ. Ca. Abr. 436. 2 Bl. Com. 516.

2. The specific devises to Joseph are lapsed legacies, by his dying before his father, and fall into the bulk of his estate. 1 Wms. 84. 1 Bro. Cha. Rep. 84, 85. 3 Bro. Cha. Rep. 224, 240, 143. 3 Atky. 574, 580.

There is more difficulty as to the share of the residue devised to Joseph; but it is evidently distinguishable from Page v. Page, 2 Wms. 489, Mosely 42, 2 Stra. 820, for there each residuary legatee was to take one sixth part. Here there are no words "equally to be divided," &c. or any terms which can create a tenancy in common. If the devise had been to Joseph alone, and he had died before his father, the testator would have died intestate as to the residue; but here the last residuary devise seems to be a jointenancy.

It is said, indeed, that there is no case of a residue given to persons not executors, where they have been considered as jointenants. 1 Bro. Cha. Rep. 118, (in 1781.) Cha. Ca. 238. 2 Cha. Ca. 64. But a devise of the residue of a personal estate to three, not executors, is a joint devise and shall survive. Webster v. Webster, (in 1726,) 2 Wms. 347. 2 Equ. Cas. Abr. 571, pl. 1. And where A makes two executors, B and C, appointing them residuary legatees, and B dies, the whole shall survive to C. Gray v. Willis, (in 1729.) 2 Wms. 529. 1 Equ. Ca. Abr. 243. Devise of the surplus of his personal estate to his four executors, this is a joint bequest, and on the death of one it shall go to the survivors. Willing v. Bains, (in 1731,) 3 Wms. 115. Devise of the residue of personal estate to A and B, it is a joint devise, and shall survive. Lady Shore v. Billingsley, (in 1687.) 1 Vern. 482. T. Jon. 162. And it is remarked, that in this last case, the one was executor but the other not. 3 Bro. Cha. Rep. 27, (in 1789,) wherein Lord Thurlow says, that chancery decrees a tenancy in common, as much as it can; but if indeed there are no words that will point at a tenancy in common, the rule of survivorship must take place.

3. The clause immediately preceding the last residuary clause, though confined to the testator's personal overplus, is absolutely inconsistent with it on any reasonable construction. Divers devises in one will of the same thing, the last devise takes place. Co. Lit. 112, b. See 2 Rol. Rep. 423. Swinb. 552, 553. Godolph. 461. Hardr. 94. 2 Bl. Com. 381. It has however been said they both shall take as jointenants. Plowd. 541. See 3 Leon. 11, pl. 27. 3 Bulst. 105. 1 Rol. Rep. 320. Yelv. 210. Lane, 118. Cro. Jac. 49. Jenk. 256, pl. 50 10 Mod. 522. 1 Vern 30. Lord Hardwicke inclined to the former, which was Lord Coke's opinion, but says the latter cases have taken

it otherwise. 2 Atky. 374. And in the case of a simple legacy, as a horse, the latter is certainly a revocation of the former. *Ib.* 375. He also says, in several devises of the same thing, it is not material which devise is first. The will must be construed so as to make the testator consistent. 1 Atky. 417, 419. See Plowd. 523. 3 Atky. 493. Hargr. Co. Lit. 112, *b.* 113, *a.* (note 1.) 1 Fonbla. 444. 2 Fonbla. 374.

On the true construction of this will, it would seem that the last general residuary devise must govern; and if this opinion be correct, the overplus of two thirds of the estate will pass to William Robinson and David Robinson, the two sons, and the remaining third to the representatives of Margaret and Elizabeth and the children of Mary Croshier.

4. Therefore, the plaintiff John Robinson seems only entitled to his legacy of 10*l.* and the three bonds devised to him.

The following certificate was subscribed :

" On full consideration of the will of William Robinson, we are of opinion, that the clause immediately preceding the last residuary devise, though confined to testators personal surplus is absolutely inconsistent therewith, on any reasonable construction; and that to effectuate the intention of the testator, the last devise must govern. Consequently, under the events stated of the death of Joseph Robinson, before his father, two thirds of the overplus of the estate vested in William Robinson and David Robinson, the remainder in the representatives of Margaret and Elizabeth and the children of Mary Croshier; and we conceive, that the plaintiff John Robinson is only entitled to his legacy of 10*l.* and the three bonds devised to him, under the will in question.      J. YEATES.

     December 18, 1799."      THOMAS SMITH.

---

Memorandum, 20th December 1799.

The governor's commission to the honorable Edward Shippen, esq., as Chief Justice of the Supreme Court of this state, bearing date the 18th instant, *quamdiu se bene gesserit,* was read and published in court this day.

Also was read and published, a commission to the honorable Hugh Henry Brackenridge, esq., as one of the Justices of the Supreme Court *quamdiu se bene gesserit,* bearing date the 18th instant.

The city of Philadelphia having been afflicted by a contagious fever, the judges of the Supreme court directed the holding of the last September term, at the village of Frankfort in the county of Philadelphia, in pursuance of the act of assembly, passed on the 10th April 1799; but no other business was transacted there, except the taking of the returns of sheriffs' to process, and the entering of common rules.