[Philadelphia, December 31st, 1836.]

## NEWBOLD *against* PRICHETT.

### CASE STATED.

1. The act of the 19th March, 1810, which declares that no devise or legacy, in favour of a child or other lineal descendant of a testator, shall be deemed to lapse by reason of the death of such child, &c., in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator, &c., was intended to give a benefit to the issue, and not to confer any right upon the devisee or legatee, to control the devise or legacy.

2. Therefore, where A. made her will, by which she devised and bequeathed certain real estate to her son B., and then B. made his will, and devised all his estate among his children, and afterwards died in the lifetime of A., leaving several children; it was *held,* that the children of B. took under the will of A., and not under the will of B.

3. Where one who was entitled to a share of the personal estate of a deceased ancestor, and also to a share of the proceeds of the real estate of the same ancestor, which had been sold under proceedings in partition, made her will, and therein bequeathed "the moneys due or to become due, from the estate" of such ancestor; it was *held,* that the proceeds of the real estate, as well as the personal estate, passed by this will.

In this action, which was brought by James S. Newbold, executor of the last will and testament of Elizabeth B. Prichett, deceased, against Thomas B. Prichett; a case was stated for the opinion of the Court, as follows:

(Newbold v. Prichett.)

" Anna Catharine Prichett, in and by her last will and testament, bearing date the 7th day of January, 1817, devised and bequeathed unto her son Thomas Pritchett, certain parts of her estate, real and personal; and afterwards died, leaving the said will unrevoked; and the said will was duly proved, according to law, on the 2nd December, 1823.

Thomas Prichett, the son of the said testatrix, made his last will and testament, bearing date the 7th day of January, 1818, and devised and bequeathed his estate in the manner set forth in the same, and afterwards died in the lifetime of his mother, leaving his said will unrevoked, and which was thereafter duly proved, on the 15th day of February, 1819.

Thomas Prichett left a widow and lawful issue, five children, to wit, Thomas B. Prichett, the defendant, William B. Prichett, Hannah B. Prichett, Sarah Ann Prichett, and Elizabeth B. Prichett, the testatrix of the plaintiff.

Elizabeth B. Prichett made her last will and testament, bearing date the 14th day of September, 1832, and devised and bequeathed as therein contained; and died September 16th, 1832, leaving it unrevoked.

The defendant, as executor and trustee under his father's will, and as agent for his sister, the plaintiff's testatrix, has received certain sums of money, proceeding from the rents of the estate, which was of Anna Catherine Prichett, and from the sale of part of said estate, made under an order of court, in proceedings in partition.

The question submitted to the Court, is—whether the plaintiff as executor, is entitled to receive any part of said money; and if any, what part? And if the Court shall be of opinion, that the plaintiff is entitled, the amount is to be ascertained by the counsel, or by an auditor under the direction of the Court, and judgment to be entered for the plaintiff, for the amount. But if the Court shall be of opinion, that the plaintiff is not entitled to any part of the said money, then judgment to be entered for the defendant.

The said will of Elizabeth B. Prichett, bequeathed 'the moneys due or to become due,' from the estate of her said grandmother, her grandfather, and uncle; and as to her interest in the estate of her said father, she died intestate."

The case was argued by Mr. *E. K. Price*, for the plaintiff, and by Mr. *James S. Smith*, for the defendant.

Mr. *Price*.—The act of the 19th of March, 1810, provides that " no devise or legacy in favour of a child, or other lineal descendant of any testator, shall be deemed or held to lapse or become void, by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee, shall leave issue surviving the testator; but such devise or legacy shall be good and available in favour of such surviving issue, with like effect, as if such devisee or

legatee had survived the testator." The obvious intent of this pro-vision was to preserve to the children of a deceased legatee, being a descendant of the testator, the legacy which would otherwise lapse. The legislature never contemplated authorising the legatee to exercise any acts of ownership over it. If he can pass it by will made before the death of the testator, so he can assign it by deed—and it may become liable to creditors—and in the case of real estate to his widow's dower. The only way to avoid these difficulties, is to hold that the children of a deceased legatee, take directly from the testator. They take by *substitution* for the devisee, and not *under* or *through* him. Thomas Prichett merely devised *his* estate, and his will can operate on no real estate that he did not hold at the time. 1 *Kent's Comm.* 461, 463, and 1 *Roper on Legacies*, 320, were cited.

Mr. *Smith.*—The defendant, as executor and trustee under the will of Thomas Prichett, is desirous of obtaining the decision of the Court, to justify him in his settlement of the estate. It is material to ascertain if the property is to be considered as passing *through* Thomas Prichett. The words in the act, "with like effect as if the devisee or legatee had survived the testator," must be allowed some meaning. They cannot be rejected altogether. In *Earnest v. Earnest*, (5 *Rawle*, 213,) it was held that a debt due by a deceased parent might be set off against a claim by grand-children, to a distrib-utive share of the estate accruing to them in right of such parent. The construction of the act contended for on the part of the plaintiff, would prevent a similar result in the case of a legacy to a deceased child, and would produce inequality in cases of advancement. Then as to the expressions in the will of Elizabeth Prichett, "the moneys due or to become due, from the estate of her grand-mother;" they do not necessarily refer to the proceeds of the real estate, since Anna Catherine Prichett left also personal estate.

The opinion of the Court was delivered by

SERGEANT, J.—It is impossible to entertain a doubt on the proper construction of this act of assembly, when its object is considered. The rule of law was, that by the death of a devisee or legatee in the lifetime of the testator, the devise or legacy lapsed; and those who might have derived a benefit under him, in case he had survived the testator, were deprived of it. When such person left issue, and the testator was their lineal ancestor, it seemed hard that the accident of death, perhaps a few days before the testator, should cut them off: especially when others participated in the bounty of the testator, whilst his own descendants were excluded by misfortune alone. The act therefore declares that there shall be no lapse; but the devise or legacy shall be good and available in favour of such issue, with like effect as if such devisee or legatee had survived the testator. It

operates to remove the disability under which the issue laboured, of setting up a derivative title under one in whom no primitive title had vested; or in other words, makes the devisee or legatee a stock or *propositus,* not to own or control the right, but to transmit it: so that the issue take what he otherwise would have taken.     If the doctrine of the defendants were admitted, so far from conferring a benefit on the issue, it would enable the devisee or legatee, to defeat them by his will, or other disposition of the property.     And it may be also remarked, that if a benefit was contemplated to the devisee or legatee himself, there is no reason why it should not be conferred on him, whether he had issue or not.     It is plain, that it was for the issue only, the law was passed.     They are to take with like effect, as if the devisee or legatee had survived the testator; but it is only they who are to take.     And where there are no issue, a lapse occurs as before.

Another question is made, viz. on that clause in the will of E. B. Prichett, by which she bequeaths the moneys due or to become due, from the estate of her grandmother.     Certain real estate had belonged to her grandmother, A. C. Prichett, and after her decease was the subject of proceedings in partition, and was sold and converted into money, before E. B. Prichett made this will: and the question is, whether the clause embraced these moneys.     The language used, seems correctly to describe the fund: for as E. B. Pritchett then owned it, it consisted of moneys due or to become due from or out of the estate of her grandmother.     We have no ground laid before us to limit the construction, so as to exclude that which it is presumed the testator knew was the nature of the fund at the time of making her will, and which the words employed sufficiently describe.

> Judgment for plaintiff, when the amount is ascertained according to the case stated.