CHENANGO COUNTY.—HON. W. F. JENKS, SURROGATE.—October, 1879.

## TUTTLE v. TUTTLE.

*In the matter of the judicial settlement of the account of* STEPHEN TUTTLE *and* JAMES R. TUTTLE, *as executors of the will of* STEPHEN H. TUTTLE, *deceased.*

The section of the Revised Statutes (2 R. S., 66, § 52 ; *3 Banks, 7th ed., 2287*), which provides that—" whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or de-

visee had survived the testator and had died intestate"—was enacted for the benefit of the descendants of the deceased legatee or devisee; under it, they take, as new or substituted legatees or devisees, directly from the testator, and not through, or by way of representation of their deceased parent or intermediate ancestor.

The final clause of that section, "as if such legatee or devisee had survived the testator and had died intestate," does not qualify the meaning of what precedes, but is merely explanatory of the quality and character of the title vesting in the descendants.

Title to a legacy in such a case vesting, by force of the statute, immediately upon the death of the testator, in the descendant of the deceased legatee, the executor cannot deduct therefrom the amount of a debt, which the deceased legatee owed to the testator.*

The English statute (1 Vict., ch. 26, § 33) and those of certain other states, *in pari materia*, and decisions thereunder—compared and reviewed.

Smith v. Smith, 5 *Jones Eq.* (*N. Ca.*), 305—followed; Johnson v. Johnson, 3 *Hare Ch.*, 157—distinguished.

Upon the judicial settlement of their account, the executors of decedent's will asked that the decree direct the deduction, from the share of the children of Hiram Tuttle, testator's deceased son, of the amount of a debt owing from his estate to that of his father. Those children, by their guardian, opposed the application. The facts appear sufficiently in the opinion.

D. L. Atkyns, *for the children of Hiram A. Tuttle, deceased legatee:*

Cited Avelyn v. Ward (*1 Ves. Sr., 420*); Jones v. Jones (*37 Ala., 646*); Newbold v. Prichett (*2 Whart.*,

---

* No appeal was taken from the Surrogate's decree.

In the action of Cook v. Munn, tried at special term of the Supreme court in New York county, May 14th, 1883, the same statute was construed, the following opinion being delivered :

Larremore, J.—John Munn, by his will, gave and devised all his property, real and personal, to his executors, with a direction to convert the same into money at such time or times as to them should seem best, with full power of sale, and authority to make payments on account from time to time out of any funds in their hands, among his legatees, before a final distribution of the estate should be made. Upon such distribu-

*46*); Paine v. Prentiss (*5 Metc., 396*); Smith v. Smith (*5 Jones Eq.* [*N. Ca.*], *305*); Sibley v. Cook (*3 Atkyns R., 572*); Pate v. Pate (*40 Miss., 750*); Armstrong v. Armstrong (*14 B. Monroe, 333*); Clendening v. Clymer (*17 Ind., 155*); Mathis v. Hammond (*9 Rich. Eq., 137*); Van Beuren v. Dash (*30 N. Y., 393*); Barnes v. Huson (*60 Barb., 614*); Abbott v. Essex Co. (*18 How., U. S., 202*).

STEPHEN HOLDEN, *for executors:*

Cited Johnson v. Johnson (*3 Hare Ch., 157*); 1 Jarm. on Wills, *328 ;* 2 Redf. on Wills (*2nd ed.*), *365.*

THE SURROGATE.—The testator, Stephen H. Tuttle, bequeathed to his son, Hiram A. Tuttle, one twelfth part of his estate. Hiram died during the lifetime of his father, and after the execution of the will, leaving him surviving, his sons Otto B., Osro B. and Fred B., who are still living.

Hiram died intestate and indebted to his father, and his estate is still indebted to the estate of his father, in the sum of $777.55, after applying his real and personal estate to the payment of his debts. The executors of Stephen H. Tuttle now ask for a decree on

tion, one fifth thereof was directed to be paid over to his son Charles S. Munn, absolutely.

The testator died December 27th, 1882. His son, Charles S. Munn, died intestate in April, 1882, leaving a widow, Mary E. Munn, and two children, the infant defendants herein. He left creditors but no property, except that to be derived from his father's estate.

This action is brought for a construction of his father's will, and to determine the rights and interests of the parties who have succeeded to the latter's estate.

This question necessarily depends upon the following provisions of the statute : " Whenever any estate, real or personal, shall be devised or

this accounting, deducting the amount of Hiram's debt from the one twelfth of the estate bequeathed to him; to which the guardian for the children of Hiram objects, claiming that the legacy to their father vested in them, free from the payment of his debts.

Under the common law, if the legatee died before the testator, the legacy lapsed. But our statute provides as follows:

"Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate" (*2 R. S., 66, § 52*).

It is evident that this change in the common law was made for the benefit of the descendants of the deceased legatee. Under the common law, the legacy thus lapsed fell into the residuary fund, if any, and might pass to those who had no natural claim upon the testator's

bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee as *if such legatee or devisee had survived* the testator and had died intestate" (*3 R. S., 7th ed, 2287, 2288*).

On the one hand, it is claimed that this statute should be interpreted in conjunction with the statute of distributions, under which the widow and creditors of Charles S. Munn would have an interest in the estate. On the other, it is urged that such estate, upon the death of his father, vested absolutely in his children.

bounty, leaving his grandchildren penniless.   To relieve this harshness and injustice of the common law our statute was passed.

If the intention of the legislature had merely been to save the legacy to the estate of the deceased legatee, that result could have been obtained by simply providing that such legacy should not lapse on the death of the legatee.   It would then become a part of the assets of his estate, to be distributed by his representatives to creditors and next of kin.   But there are no words in the statute indicating that any benefit was intended to be conferred upon creditors.   The legacy never vested in Hiram, nor in his estate, never formed any part of his estate ; his representatives had nothing to do with it, but upon his death and the death of the testator it vested immediately in his children.   They did not take the legacy through or from him, but in his place and stead.

If the legislature had passed this statute for the benefit of the creditors as well as the children of the deceased legatee, they would not have restricted the application of the statute to cases where the deceased legatee left children or other descendants.

The primary inquiry is, what was the intention of the legislature as expressed in the statute above quoted ?   It contains no words excluding widows or creditors, and for this reason it is sought inferentially to include them in its provisions.

Without the aid of the statute, the legacy unquestionably would have lapsed, and we turn to the language which it employs, to ascertain the legal status of those for whose benefit it was enacted.   They are therein described as the "*surviving child or other descendant of the legatee*," and if the language is to be taken literally, neither widows nor creditors are within this line of discrimination.   The following cases were cited in support of the exclusive rights of the children: Van Beuren v. Dash·

Should the construction urged by the executors prevail, it would follow that, if Hiram had left no children, his more distant relations would be preferred to his creditors, but that, as against his own children, the creditors would be preferred. In other words, the creditors could deprive the children of the legacy but not remote relatives (Van Beuren v. Dash, *30 N. Y., 393*). The legislature could not have intended such results as these. I think the last clause of this section "as if," etc., does not qualify the meaning of what goes before, but is merely explanatory as to the quality and character of the title vesting in the descendant. If the intent of this clause was to encumber the property descending from the grandfather to the grandson, with the debts of the father, it would have been very easy to employ more apt words than these.

It is conceded by counsel upon both sides that, so far as this question is concerned under the N. Y. Statute, there is no reported case construing its meaning; but some light has been thrown upon the subject in the discussion of similar statutes of other states.

I will first consider the English statute, under which the case cited by the counsel for the executors arose.

---

(*30 N. Y., 393*); Drake v. Gilmore (*52 N. Y., 389*): Murdock v. Ward (*67 N. Y., 387*); Luce v. Dunham (*69 N. Y., 36*); Keteltas v. Keteltas (*72 N. Y., 312*).

All of these cases involve the construction of a will wherein the testator had designated the class of persons who were to succeed to the interest of the devisee or legatee dying during his lifetime. It was the testator's intention that the court sought to ascertain, and it held in each of them that a widow of a deceased legatee was not included in the class in such manner named.

The case at bar is different, in that the designation is by a general statute and not by the special provision of a will; nevertheless such ad-

The thirty-third section of the Statute, 1 Vict., ch. 26, provides "That where any person being a child or other issue of the testator to whom any real or personal estate shall be devised or bequeathed,* for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by the will."

This statute saves the legacy from lapsing under the common law, and provides that it shall take effect as if the legatee had survived the testator,—in other words, *vest in the legatee* notwithstanding his death pre-

---

* Under this statute, has recently been determined in the negative the question whether the exercise, by a testator, of a *limited power of appointment*, was such a devise or bequest as was saved from lapsing by the death of the appointee before that of the donee of the power (Holyland v. Lewin [*Ct. App., Ch. Div.*, March 1884], *32 Week. Rep., 443*). In that case, A. having devised property in trust for such of his children or issue as his wife, by will or codicil, should direct or appoint, A.'s widow made a will appointing the real property, in pursuance of the power, to the use of certain of his children, some of whom died in her lifetime.

---

judications, if not strict and controlling precedents, are by analogy pertinent to the present argument. No reason has been offered which would justify the court in disregarding the actual text of the statute. To hold that the wife and creditors came in as in ordinary cases of intestacy would be to do violence to both its letter and spirit. It is enacted that such legacy shall vest in the surviving child or descendant of the legatee. In order that the wife and creditors should participate in the legacy, it would be necessary, according to the machinery of our law, that the fund should vest in an administrator for distribution. The construction contended for is contrary to the spirit of the law because it would always partially, and might in some instances wholly contravene and thwart

viously to the death of the testator. In. this respect, the English statute is entirely different from ours, which vested the legacy in the descendant of the legatee, instead of the legatee himself. Our statute prevents any disposition of the legacy by the will of the legatee, but under the English statute it "takes effect" or *vests* in him so that he may dispose of it by will, as is decided in Johnson v. Johnson (*3 Hare Ch., 157*), cited by counsel for the executors. If not disposed of by will, it would go to his administrators. Therefore, under this statute, the distributive share to the next of kin, if no will is made, or, in case of a will, the legacy to the descendant or other object of the bounty of the first legatee, are transmitted through him and not direct from the ancestor—the descendant of the child is not substituted in place of the father, but takes direct from the. father, as heir or next of kin, and not as legatee.

The Massachusetts statute upon this subject is as follows :

"Where a, devise of real or personal estate is made to a child or other relation of the testator, and the devisee dies before the testator, leaving issue who survive the testator, such issue shall take the estate so devised in the same manner as the devisee would have done if he

---

the clear intention of the legislature. The statute was obviously framed for the benefit of children and descendants of a deceased legatee. If it were decided that the fund vested in the latter's personal representatives, to be disposed of according to the usual course of administration, and such legatee left debts sufficient to consume it, the children and descendants would receive nothing, and their existence would furnish merely a pretext and an occasion for the payment of such debts. It cannot be presumed that the framers of the law intended to legislate for the benefit of creditors in this roundabout manner; without the statute the legacy would lapse.

had survived the testator," etc. The words "in the same manner," in this statute, correspond to the words "as if," in our own statute. It seems to me they are identical in meaning. They are certainly no more favorable to the position of the executors, than the words "as if," in our statute.

In Paine v. Prentiss (*5 Metc., 396*), the testatrix devised real estate to her nephew in trust for her niece, and to her heirs and assigns forever, the income thereof to be paid to the niece during her life. The niece died before the testatrix, leaving a daughter who survived the testatrix. It was held that the daughter took the estate in fee and discharged of the trust. Justice HUBBARD, writing the opinion, says : "The defendant's title then flows directly from the testatrix by force of the statute, which preserves the legacy, and substitutes the child as the legatee, in place of the parent, and discharged of the trust."

The North Carolina statute reads as follows : "When any person, being a child or other issue of the testator, to whom any real or personal estate shall be devised or bequeathed for any estate or interest, not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the death of the

---

The statute comes remedially, and provides that if certain persons are in existence, such legacy shall not lapse, but shall vest in them. Evidently the act was framed for their benefit, and they are the sole beneficiaries contemplated by it.

The remaining clause of the statute, "as if such legatee or devisee had survived the testator and had died intestate," may be given full effect, in harmony with the foregoing construction. It refers to the shares and proportions in which the legacy or devise shall vest in the children or descendants, and provides that the same shall be divided

testator, such devise or bequest shall not lapse, but shall take effect and vest a title to such estate in the issue surviving, if there be any, in the same manner, proportion and estate, as if the death of such person had happened immediately after the death of the testator. In Smith v. Smith (*5 Jones Eq.*, *305*), the Supreme court of that state held that the debt of the legatee, who died before the testator, leaving children, could not be deducted from the legacy ; that the statute was passed for the benefit not of creditors, but of the issue of the deceased legatee.

In Newbold v. Prichett (*2 Whart.*, *46*), the Supreme court of Pennsylvania held, under a statute similar to our own, that the statute was intended to give a benefit to the issue, and not to confer any right upon the legatee or devisee, to control the devise or legacy ; that where A willed real estate to her son B. and then B. willed all his estate to his children, and died before A., leaving children, the children took under the will of A. and not under the will of B. SERGEANT, J., says : "It is plain that it was for the issue only, the law was passed."

I am not aware of any decision in which the views of the executors upon this question have been sustained.

among them according to the analogy of the Statute of Distributions, or of Descent, according to the nature of the property.

The conclusion is, that all of the fund in dispute is the property of the children of Charles S. Munn, deceased, and that Mary E. Munn is entitled to its custody as their guardian, upon giving the requisite security.

An appeal was taken to general term from so much only of Judge LARREMORE's determination, as provided for the payment of costs and allowances out of the whole estate.

Let the decree to be entered provide that the legacy given to Hiram A. Tuttle be paid to the general guardian of his children, Otto B., Osro B., and Fred B. Tuttle, and that the costs of the executors and the contestants on this accounting, be paid from the assets of the estate.