## Wootten's Appeal.

*Wills—Construction—Residuary estate—Legacy by name—Prior death of legatee—Lapse—Failure of heirs—Intestacy—Escheat.*

A testatrix, who died without heirs or next of kin, by will left part of the residuum of her estate to one of two sisters, by name, and not as a member of a class of children. The legatees died in the lifetime of testatrix. *Held,* that the bequest lapsed and escheated to the Commonwealth.

Argued Jan. 15, 1913. Appeal, No. 28, Oct. T., 1913, by Eliza Y. Wootten, from decree of O. C. Allegheny Co., No. 106, June T., 1912, modifying and confirming adjudication In Re Estate of Anna Sophia Eells, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Adjudication of the estate of a decedent. HAWKINS, P. J., filed a statement and opinion as follows:

The question which underlies this controversy is whether or not Miss Eells died intestate as to part of her estate?

The facts are these:

Having given certain pecuniary legacies testatrix provided "should there be enough of my estate left after paying the above amounts," certain other legacies should be paid; and then provided further, "Should there not be enough left of my estate to pay these last named sums, then I direct that whatever may be left shall be given to said legatees......pro rata." Then follows separate items giving further legacies, and winding up with this paragraph:

"Should there be any of my estate left after payment of the above named sums of money I hereby give and

bequeath the same as follows, viz: to said David Robinson one thousand dollars in trust to pay the interest to Mrs. Lucy A. Jewett for life, and at her death, said amount to be divided equally between her said daughters as above. And to the said David Robinson, one thousand dollars in trust to pay the interest to Reverend David Edward Eells for life and said amount to be divided equally between his said two sons after his death. Or if there should not be that amount left then payable as above pro rata."

There was more than enough to pay the amounts specified in the will, and this surplusage is the subject of controversy. Testatrix's uncertainty as to the value of her estate probably grew out of its gradual enhancement.

Her estate was derived from her adoptive father and mother, and the relatives of these are the principal objects of her bounty. The final legatees represent both the father and mother.

The death of Lucy O. Jewett, residuary legatee, before testatrix suggests the question of lapse pro tanto.

The adoption in this case seems to have been by parol, as no record has been found of any legal steps.

The decedent left no next of kin.

If this will be construed with reference to the strict letter, intestacy must follow. The fixed sums given in the last clause fall short of complete disposition of the estate. But an anxiety is shown by the whole tenor of the will to make a complete disposition. There are three successive expressions used in the making of the will which clearly manifest this purpose. "Should there be enough of my estate left after paying the above amounts," then further legacies should be paid; but "should there not be enough," then they should take pro rata; and a similar provision is made in the final clause. True the legacies given are fixed in amount; but that was testatrix's form of accomplishing a paramount purpose, and that purpose ought not be defeated by a mistaken estimate of the value of the estate: Clarke's Est.,

82 Pa. 528. If conditions had remained as at the time of making the will this purpose would have been effectuated; but the death of one of the residuary legatees suggests the question of revocation pro tanto by operation of law. It is insisted that the gift to her was as a member of a class and a right of survivorship to her sister followed. The residuary gift was not in general terms to the children of Mrs. Jewett, but was to her two daughters by name. Had Lucy survived she would undoubtedly have taken a vested right in one-fourth of the residuary. Having died before testatrix the share intended for her lapsed and escheated to the Commonwealth.

After exceptions filed the court made a decree modifying and confirming the adjudication and awarding one-fourth of decedent's residuary estate to the Commonwealth. Eliza Y. Wootten appealed.

*Errors assigned* were, inter alia, in refusing to award the deceased sister's share in the residue to appellant, and in awarding it to the Commonwealth.

*S. S. Mehard*, for appellant.—The terms of the will and the circumstances surrounding the testatrix at the time her will was made, show that she selected Lucy A. Jewett and her two daughters as the representatives of her foster mother's family and David E. Eells and his two sons as the representatives of her foster father's family, and that as such they were to be treated as a class, so that upon the death of Lucy A. Jewett and her daughter Lucy O. Jewett, the benefits given to this class would survive as a whole to the surviving daughter, Eliza Y. Wootten, appellant: Powell's Est., 138 Pa. 322; Johnson's App., 12 S. & R. 317; Roberjot v. Mazurie, 14 S. & R. 42; Fahs v. Fahs, 6 Watts 213; Rodgers v. Rodgers, 7 Watts 15; Swift v. Duffield, 5 S. & R. 38; Postlethwaite's App., 68 Pa. 477; MacConnell v. Wright, 150 Pa. 275; Wagner's Est., 18 W. N. C. 430; May's App.,

41 Pa. 512; Cunkle's Est., 1 Pearson 436; Fahnestock's Est., 10 Pa. C. C. R. 199; Coffin's Est., 36 W. N. C. 71; Jackson v. Roberts, 80 Mass. 546; Schaffer v. Kettell, 96 Mass. 528; Stedman v. Priest, 103 Mass. 293; Frewen v. Relfe, 2 Bro. C. C. 220; Armstrong v. Eldridge, 3 Bro. C. C. 215; Shaw v. McMahon, 4 Dru. & War. 431.

Even if there was a lapse of a part of the share of the residuum in question, that should not result in an escheat of the same to the Commonwealth of Pennsylvania but such part should be distributed rateably to the surviving residuary legatees: Gray's Est., 147 Pa. 67; Waln's Est., 156 Pa. 194; Bender v. Dietrick, 7 W. & S. 284; France's Est., 75 Pa. 220; Varner's App., 87 Pa. 422; Cowles v. Cowles, 53 Pa. 175; Rupp v. Eberly, 79 Pa. 141; Jacobs's Est., 140 Pa. 268; Faulstich's Est., 154 Pa. 188; Dunlap's App., 116 Pa. 500.

As between the residuary legatees and the Commonwealth of Pennsylvania, the intention of the testatrix should undoubtedly prevail; and the rule should be recognized in discovering that intention, that it is the settled presumption that a testator does not mean to die intestate as to any portion of his estate: Harper v. Blean, 3 Watts 471; Fahs v. Fahs, 6 Watts 213; Brown v. Boyd, 9 W. & S. 123; Willard's Est., 68 Pa. 327; Little's App., 81 Pa. 190; Sheetz's App., 82 Pa. 213; Clarke's Est., 82 Pa. 528; Raudenbach's App., 87 Pa. 51; Presbyterian Boards of Missions's App., 91 Pa. 507; Hofius v. Hofius, 92 Pa. 305; Ferry's App., 102 Pa. 207; Myers v. Bentz, 127 Pa. 222; Hiestand v. Meyer, 150 Pa. 501; Boies' Est., 177 Pa. 190; Stiver's Est., 21 W. N. C. 335; Duffy's Est., 36 W. N. C. 199.

*E. W. Arthur*, with him *Henry G. Wasson*, for appellee.—The residuary gift was not in general terms to the children of Mrs. Jewett but was to her two daughters by name. Lucy having died before the testatrix, the share intended for her lapsed: Neff's App., 52 Pa. 326; Evans v. Brittain, 3 S. & R. 135; Yard's App., 86 Pa. 125; Ken-

nedy's App., 60 Pa. 511; Sturm v. Sawyer, 2 Pa. Superior
Ct. 254; Gray's Est., 147 Pa. 67; Gorgas's Est., 166 Pa.
269; Habecker's Est. (No. 1), 43 Pa. Superior Ct. 86;
Hitchcock v. Hitchcock, 35 Pa. 393.

PER CURIAM, February 24, 1913:

The bequest of the testatrix to Lucy O. Jewett was not
to her as a member of a class—children of Mrs. Lucy A.
Jewett. It was to her by name, to pass to her if she sur-
vived the testatrix, and to lapse if she did not. The
learned court below, in construing the will of the testa-
trix, held that, if she had survived, she would have taken
one-fourth of the residuary estate. This is not ques-
tioned by counsel for appellant or appellee, but, as she
died in the lifetime of the testatrix, the latter's provision
for her lapsed and escheated to the Commonwealth, for
there were no known heirs or next of kin of Anna Sophia
Eells to take it.

Decree affirmed at appellant's costs.