## Garrett's Estate.

*Wills—Construction—Legacies—Lapsed legacies.*

1. Where testatrix by will gave $10,000 to each of four legatees to be paid when each should convey to the executors of her will his interest in certain land, the share of one of such legatees who has predeceased the testatrix lapses.

2. In such case the fact that another of the four legatees predeceased such legatee and testatrix subsequent to his death executed a codicil revoking the bequest as to him, but failed to make a codicil of revocation as to the second legatee after his death, is immaterial.

Argued January 21, 1915. Appeal, No. 245, Jan. T., 1914, by Albert N. Garrett and Sylvester S. Garrett, surviving executors of Sylvester Garrett, Deceased, from decree of O. C. Philadelphia Co., Jan. T., 1912, No. 113, dismissing exceptions to adjudication in Estate of Elizabeth W. Garrett, Deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudications. Before GUMMEY, J.

The facts appear in the following opinion of the court by LAMORELLE, J.; sur exceptions to adjudication:

At the time of the death of Casper S. Garrett, husband of Elizabeth W. Garrett, the testatrix, he was seized of some two hundred acres of land near Newtown Square, in Delaware County. At the time of the execution of her will, the title to this property was in the four brothers of her deceased husband, subject to her property rights therein.

By this will, as modified by codicil, testatrix gave

legacies of $10,000 to each of the four brothers and legacies varying in amount to their children; to be paid when each of the legatees should convey to the executors of her will his or her right, title, interest, claim and demand in and to the two hundred acres, the legacies to lapse and become part of her residuary estate, in event that any of the legatees should refuse, decline or be unable to grant such respective interests. Her residuary estate which was to include the farm, when the executors obtained title, was to be held in trust for a home, to be known as the Garrett-Williamson Lodge (for which a corporation was to be formed) which home was to be located on such farm tract, and the income of the rest of her estate was to be used for its improvement and maintenance. In case the executors could not obtain title, by reason of the nonconveyance of the legatees or by reason of other outstanding interests, they were to purchase for such price as they deemed proper, and, failing to secure the same, they were authorized to buy elsewhere.

Sylvester Garrett, one of the four brothers, and a legatee entitled to $10,000 pre-deceased testatrix, and certain of the exceptions raise the question as to whether or not his estate is entitled to the legacy.

The obvious answer to this contention is, that when Sylvester Garrett died whatsoever title, property, claim and demand he had in and to an undivided interest in the farm passed by will to his residuary devisees so that, so far as he was concerned, he became "unable to grant and convey his interest." The legacy was contingent upon such conveyance, but the conveyance was predicated upon the legatees having something to convey. There is therefore no reason why the general rule as to a lapsed legacy should not be applied. It is true that testatrix, by codicil made a short time after the execution of her will, revoked the legacy to another brother, Edwin T. Garrett, and that such revocation was stated to be because of his death. And it is equally true that when Sylvester died,

February 9th, 1910, testatrix did not make a further codicil revoking his legacy. For this, however, there was no legal reason, because testatrix had, in the codicil before quoted, anticipated any further deaths, and had, in express terms, covered such a contingency. Not only does she reaffirm her will in all respects save as to this particular revocation, but she further provides that each legatee shall convey or procure to be conveyed "a good and marketable title free from all liens" as a condition precedent to the payment of their respective legacies. It therefore follows that the legacies to the four children of Sylvester Garrett were not to be paid them until they not only conveyed any interest they had or might have, but had also "procured a conveyance" of their deceased father's interest, whether title had vested in them absolutely, or needed to be made by the executors of his will, because of a power of sale or the possibility of the lien of debts.

Great stress is laid by counsel on the use of the words "legal representatives" in the latter part of the codicil, but it is apparent that this expression is used in the same sense as in an earlier clause, wherein it is provided that the "legal representatives of any one legatee under a disability shall obtain by proper legal procedure the authority to grant and convey," etc. While "legal representatives" usually means executors or administrators, the context governs when they are shown to be used in a different sense (Osborn v. First Nat. Bank, 175 Pa. 494).

Notwithstanding the able argument of counsel for the exceptants, the executors of the will of Sylvester Garrett, deceased, we discover no intention to give Sylvester the legacy of $10,000 in any and every event, but we do find a clear purpose to benefit him contingent on his conveying his interest, and, as that interest terminated with his death, the legacy necessarily lapsed. Nothing more need be added to what has already been said by the auditing judge, as a majority of the judges concur in his conclusions.

Opinion of Court below—Opinion of the Court. [248 Pa.

As all other exceptions not passed upon in this opinion were withdrawn at bar, the exceptions are accordingly dismissed, and the adjudication, confirmed absolutely.

The court dismissed the exceptions and confirmed the adjudication. Albert N. Garrett and Sylvester Garrett, surviving executors of Sylvester Garrett, deceased, appealed.

*Error assigned,* among others, was in dismissing exceptions to the adjudication.

*Lewis Lawrence Smith,* for appellant.

*John G. Johnson,* for appellee.

PER CURIAM, February 15, 1915:

The decree is affirmed on the opinion of the learned court below.