## Godley's Estate

*James W. Laws,* for accountants.

*John P. Jordan,* for Joseph Davis, Jr.

*Paul W. Knox,* of *Rambo, Rambo & Knox,* for Harvey C. Miller.

*Irvin Stander,* for Commonwealth.

VAN DUSEN, J., February 5, 1936.—Annie Godley died May 14, 1935, leaving a will duly probated May 20, 1935.

By her will she gave to her brother Philip Godley $5,000 and also the $5,000 loaned to him, made certain specific bequests of jewelry, etc., as recited in the petition for distribution, and gave the residue of her estate to

her niece Mary Downing Godley Brown and her nephew Francis Downing Godley.

The will contains a canceled legacy of $200 to Susan McTaggart, not related to testatrix, who died in testatrix's lifetime. Whether by cancellation or lapse, the legacy falls into the residuary estate.

Philip Godley, testatrix's brother, died February 7, 1935, in her lifetime, leaving two children, Mary Downing Godley Brown and Francis Downing Godley, who are also the residuary legatees.

The testatrix having died without issue, the legacies to Philip Godley are payable to his issue under the provisions of the Wills Act of June 7, 1917, P. L. 403, sec. 15(b).

An attachment execution against the legacies of Philip Godley by Harvey C. Miller v. John McClintock and Philip Godley, defendants, and Francis D. Godley, executor of the estate of Annie Godley, deceased, garnishee, as of C. P. No. 5, December term, 1933, no. 7501, has been served upon this accountant.

There was also presented an exemplification of judgment, Joseph B. Davis, Jr., v. Philip Godley, as of Municipal Court, no. 930 October term, 1933, in the sum of $833. Apparently no attachment has been issued on this judgment.

It is contended that the legacies of Philip Godley which are payable to his issue are subject to the debts of Philip Godley.

Section 15(b) of the Wills Act, supra, is similar in its language to section 15(a) which provides for the survival of a legacy in favor of the issue of a lineal descendant who may die before the testator. The latter section is derived from the Act of March 19, 1810, 5 Sm. L. 112, which was construed in Newbold v. Prichett, 2 Whart. 46. It was held that the issue of a child of the testator who died before the testator took the legacy which had been given to their ancestor in their own rights and not in the right of the ancestor; and that

therefore the subject matter of the legacy did not pass under the will of the ancestor. The Act of 1810, supra, contained the phrase on which great stress is laid by the attaching creditor in this case: ". . . but such devise or legacy shall be good and available in favour of such surviving issue, with like effect, as if such devisee or legatee had survived the testator".

In Newbold v. Prichett, supra, Sergeant, J., said:

"If the doctrine of the defendants were admitted, so far from conferring a benefit on the issue, it would enable the devisee or legatee, to defeat them by his will, or other disposition of the property. And it may be also remarked, that if a benefit was contemplated to the devisee or legatee himself, there is no reason why it should not be conferred on him, whether he had issue or not. It is plain, that it was for the issue only, the law was passed. They are to take with like effect, as if the devisee or legatee had survived the testator; but it is only they who are to take." So far as I know that case has not been cited since; but it has not been doubted; and the conclusion is just as sound now as it was then.

This is the law in other jurisdictions which have similar statutes, although it does not appear what the exact language of those statutes is: 69 C. J. 1066.

It may be that the issue take subject to advancement to their ancestor and the debts due by him to the testator, but that is another matter.

Another claim is presented against Philip Godley on behalf of Joseph Davis. This creditor issued no attachment and calls my attention to the impropriety of doing so: Carracher's Estate, 10 Dist. R. 185. He is right; the judgment creditor of a dead man must make his claim through the administrator and cannot proceed directly by attachment. This situation makes the claim of Harvey C. Miller seem still more untenable. How either Miller or Davis expects to maintain a claim without an attachment or an administrator is not apparent to me. This claim is dismissed.

The usual practice in this court is to make the awards subject to any attachment, but that cannot be done in this case as no award is being made to the defendant in the attachment. . . .

And now February 5, 1936, the account is confirmed nisi.

[NOTE.—No exceptions were filed to the foregoing adjudication.]