## Callery's Estate.

Argued October 6, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lawrence D. Blair*, with him *Moorhead & Knox*, for appellant.

*Raymond F. Moreland*, with him *William D. Evans*, for appellees.

OPINION BY MR. JUSTICE BARNES, January 9, 1939:

This appeal presents a question which appears to be raised for the first time in an appellate court of this state. It may be stated as follows: Where a legatee dies during the lifetime of a testator, and is indebted to him, whether the issue of the deceased legatee take the legacy (which is saved from lapsing by Section 15(a) of the Wills Act) subject to the indebtedness to testator, or free and discharged therefrom.

The facts which give rise to the present controversy are not in dispute. James D. Callery, the testator, died on May 8, 1932. His will dated November 10, 1930, was duly probated. Under its provisions he bequeathed to his son, William, a four-fortieths interest in his residuary estate; he gave legacies of fractional interests to his widow and children, and then created a trust of twenty-fortieths of the residue of his estate for the benefit of his widow and the children of a second marriage, to continue during their respective lives, with remainder to his grandchildren. William Callery, who was a son by his first wife, died on October 31, 1931, about seven months prior to the death of the testator, and left surviving three minor children, for whom the Union National Bank of Pittsburgh was appointed guardian.

Upon the audit of the account of the administrators c. t. a. of testator's estate, it appeared that William Callery owed his father's estate the sum of $132,696.15, in addition to which the administrators had paid his note for $7,581.28, guaranteed by testator, which increased such indebtedness to $140,277.43. The audit-

ing judge awarded to the guardian of the three minor children the full legacy under the will, amounting to $29,831.47, free of the debts of the legatee to testator. Thereupon exceptions were filed by the testamentary trustees, who claimed that the indebtedness should be set off against the legacy, and that the share of the estate awarded to the minor children should be applied on account of William Callery's obligations to the estate. The exceptions were sustained by the court in banc, and the entire balance for distribution was ordered to be paid to the remaining legatees mentioned in the will. From the final decree so entered the guardian has taken this appeal.

It is clear that the determination of the question before us rests primarily upon the construction to be given Section 15(a) of the Wills Act of June 7, 1917, P. L. 403, the pertinent part of which provides that "no devise or legacy in favor of a child or children, . . . shall lapse or become void by reason of the decease of such legatee or devisee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; *but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator,* unless the testator shall in the will direct otherwise." (Italics supplied.) Since the testator did not *otherwise* direct in his will, the disposition to be made of the legacy to his son William is determined by the effect given to the language of the statute.

At common law a devise of land or a bequest of personalty to a person who died during the lifetime of the testator lapsed, unless that contingency was provided against by the will itself: *Weishaupt v. Brehman,* 5 Binn. 114; *Robinson v. Martin,* 2 Yeates 525; *Dickinson v. Purvis,* 8 S. & R. 71. To overcome the hardship arising from the application of this rule, statutes have been passed in many states to save for the children of a deceased child the devise or bequest their parent would

have received had he survived the testator. In this state such was the purpose of the Section of the Wills Act we are now considering, which is a reënactment of two previous Acts of Assembly to like effect, namely the Act of March 19, 1810, P. L. 96,[1] and the Act of April 8, 1833, P. L. 249. Without this remedial statute the children of William Callery would not be entitled to any share of the testator's estate: *Martindale v. Warner*, 15 Pa. 471; *Appeal of Wootten*, 239 Pa. 385; *In re Garrett's Estate*, 248 Pa. 199. Notwithstanding the many years that these acts have been in force, we have not had occasion to consider whether legacies, saved from lapsing by virtue of their provisions, pass to the "issue surviving" subject to the debts of the parent to testator, or free and clear of them.

It is well settled that if the original legatee here had survived the testator, he would be compelled to pay his debt to his father's estate before receiving the legacy, or to have the amount bequeathed to him applied against it. An executor or administrator has the right to set off against a legacy or distributive share, the amount of an indebtedness due the estate of a decedent by the legatee or distributee: *Thompson's Appeal*, 42 Pa. 345; *Dull's Estate*, 137 Pa. 116. See also *Dickinson's Estate*, 148 Pa. 142, 145. Therefore, if the grandchildren in the present case are to take free of such debts, they will be given a more advantageous position in the distribution of the estate than would have been occupied by their father, for whom they are substituted.

But it is strongly urged on behalf of the guardian that as William Callery predeceased the testator, no interest in the legacy ever vested in him; that upon the death of testator the legacy passed directly to the grandchildren by force of the statute as an original and independent bequest under the will, in their own right as substituted

---

[1] See Report of the Commission Appointed to Codify and Revise the Law of Decedents' Estates, page 67.

legatees, and not by representation through their deceased parent. In consequence, it is asserted that at no time did William Callery have an interest in the legacy against which the right of set-off could be exercised.

While it is true that the surviving issue of a deceased legatee take under the will in their own right and independently of their parent: *Newbold v. Prichett*, 2 Wharton 46, it does not follow that the interest which, in the words of the statute, is made good and available to them, is conferred unconditionally and without deduction for debts due to the testator by such legatee.

It seems to us that when the statute says the legacy shall be available "with like effect as if such devisee or legatee had survived the testator," it means that such issue are substituted for and placed in the position of their parent, with the same effect for all purposes as if such parent had survived the testator. In other words, they succeed to all the rights which he possessed, but subject to his burdens and bound by the equities which would have existed against him. In the present case, for the grandchildren to take the legacy *with like effect* as their father would have done, is to take subject to a set-off of his indebtedness. If he could not avail himself of the legacy without deduction of his obligations to the estate, then they are not entitled to receive it clear of such debts.

It has been aptly said, in construing a similar Act in another state, that "it was not intended to raise grandchildren to a plane higher than that which their parent could ever have occupied, or to give them rights as against the other beneficiaries under the will, which the person in whose place they are substituted never would have been permitted to assert. The statute-made legatee is a mere substitute; he is thrust, by force of [the] statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee." See *Denise's Exrs. v. Denise*, 37 N. J. Equity 163, 168.

As we have stated, the sole purpose of the statute was to prevent the lapse of a legacy to a child who predeceased the testator but leaves issue surviving testator. It was not the intention of the legislature to confer upon such issue rights superior to those possessed by the original legatee, or to enrich them at the expense of other beneficiaries under the will. Such would be the result if the interpretation for which the guardian contends were to prevail, and it finds no support in reason, for we cannot assume that it was the legislative purpose to relieve against an injustice and inequality in the law by creating another one. As the present Chief Justice said in the recent case of *Desh's Estate*, 321 Pa. 286, where we had under consideration Section 15(b) and (c) of the Wills Act (p. 290): "Apart from the obvious plain meaning of Section 15(c), a provision of a statute must be construed with reference to the object intended to be accomplished by it, and this is so even to the extent of restraining the meaning of general terms in order to clearly interpret the spirit and reason of the statute."[2]

The construction which we place upon the statute is in accord with our decisions in a similar situation where there is an intestacy. If James D. Callery had died intestate the indebtedness of his son William to him would be set off against the share of his estate which would go to his son's surviving issue under the Intestate Act of 1917, P. L. 429, Section 7(d) 3: *Earnest v. Earnest*, 5

[2] Upon this subject it is said in Page on Wills, Second Edition, Section 1251: "Whether such gift is subject to a deduction on account of debts which are due to the testator from the deceased devisee is a question upon which there has been a conflict of authority. . . . It would seem that full effect was given to the intention of the legislature by permitting the children of the deceased devisee to take everything which the deceased parent would have taken under the will if he had survived. It would seem very unlikely that the legislature would intend to have the children of the deceased legatee take more than the testator intended to allow to that branch of the family; but if the debts due from the deceased devisee cannot be deducted, this is the result which frequently is reached."

Rawle 213; *M'Conkey v. M'Conkey*, 9 Watts 352; *Levering v. Rittenhouse*, 4 Wharton 130; *Hughes's App.*, 57 Pa. 179. There is much to be said in favor of a consistent construction of this like provision contained in the Wills Act and in the Intestate Act.

Decisions in other jurisdictions construing similar statutes furnish ample support for the views herein expressed. Many such statutory provisions possess similarity of phraseology, but unfortunately there is a conflict in authority upon the subject. In some states it is held that the debt owing to the testator should be deducted from the gift on the theory that the issue of the deceased legatee should not receive any greater portion from the estate than the deceased parent would have taken if he had lived: *Tilton v. Tilton*, 196 Mass. 562; *Baker v. Carpenter*, 69 Ohio 15; *Denise's Exrs. v. Denise*, supra; *Birge v. Nucomb*, 105 Atl. (Conn.) 335; *In re Estate of Mikkelsen*, 202 Iowa 842; *In re Rueschenberg's Estate*, 213 Iowa 639. In other states it is held that the gift passes directly from the testator to the surviving issue of the deceased legatee, who take free and clear of the debts owing to the estate: *Wattenbarger v. Payne*, 162 Mo. App. 434; *Carson v. Carson's Executor*, 58 Ky. 300; *Courtenay v. Courtenay*, 138 Md. 204.[3]

While we have carefully considered these authorities called to our attention by counsel for both parties, an extended discussion of them is unnecessary. It cannot be doubted that the weight of authority is in favor of the interpretation here given to the Act.

For the reasons stated we feel that the assignments of error must be overruled, and the decree of the court below affirmed. Costs to be paid out of the estate.

Decree affirmed.

---

[3] In Pennsylvania there are two lower court decisions which deal in part with the present question. See *Adams' Estate*, 35 P. L. J. 285, and *Kinzler's Estate*, 22 Lanc. L. R. 3. There is some doubt whether these decisions are in point.