## Woodruff Estate

*Thomas C. Gawthorp*, for accountant.

MacElree, P. J., March 21, 1957.— . . . Counsel for the accountant further requests the allowance of additional compensation to the substituted trustee for extra services performed in connection with ascertaining and locating the unusually large number of legatees of the various shares under testator's will, the computing of the 88 shares to which said legatees are entitled and the preparation of releases for execution by the distributees.

Said additional compensation is allowed for distribution, either to the said trustees or counsel for them, as may be determined by the said parties.

A question arises with regard to the share of Edith Woodruff, widow of decedent's brother, Wylie G. Woodruff, by reason of the following facts:

It is averred and not contested that in 1930 or 1931 testator lent Mrs. Edith Woodruff a sum of money and took her note and a mortgage as security.

Testator, having died in 1934, his will, written in 1932, was admitted to probate.

It is averred the note and mortgage were listed as assets of the estate and became part of the trust set up under testator's will.

Thereafter, the note and mortgage were assigned to an Oregon resident for the purposes of collection and foreclosure and the deficiency judgment, hereto attached and made a part hereof by reference thereto, was taken against Mrs. Woodruff, and was reassigned to the trustee.

It is against this indebtedness of the beneficiary to the trust that the trustee proposes to set off the beneficiary's share of approximately $350.

It is represented that Mrs. Woodruff assigned her share to her son, copy of the assignment being attached hereto and made a part hereof by reference thereto.

Counsel for said son claims the judgment has been allowed to expire by failure to reënter the same after 10 years and that under Oregon law, the judgment is invalid and cannot now be set off against the beneficiary's share.

The trustee contends that the indebtedness of a beneficiary to an estate or trust constitutes a charge upon that beneficiary's share, and that upon distribution of the principal, the share must be retained as an equitable set off against the indebtedness, unaffected by the existence or nonexistence of a judgment against the beneficiary and unaffected by the running of the statute of limitations.

The trustee contends, while at this time the trustee may perhaps be prevented from collecting the indebtedness from the personal estate of the beneficiary, it, nevertheless, retains the power of retainer over the funds of the trust in its possession and that the charge on the beneficiary's share remains until the debt is repaid.

This court believes the position of the trustee to be well founded: Thompson's Appeal, 42 Pa. 345; Dickin-

son's Estate, 148 Pa. 142, 144-145; Callery's Estate, 333 Pa. 258.

The general principle is stated in Scott on Trusts, §251: "Where a beneficiary is under a liability to pay money into the trust estate, his interest in the trust estate is subject to a charge for the amount of his liability. This is an application of a broader principle that 'a person entitled to participate in a fund and also bound to contribute to the same fund cannot receive the benefit without discharging the obligation'. This broad principle is an application of the still more general principle that he who seeks equity must do equity."

It is accordingly decreed that the one-seventy-eighth share of Edith Woodruff, amounting to approximately $375, is subject to a deficiency judgment held by Girard Trust Corn Exchange Bank, substituted trustee of the estate of George W. Woodruff, in the amount of $2,635.20, and will be distributed, along with the balance of the principal of the trust, to the remaining legatees. . . .