## ESTATE OF AMBROSE WHITE, DECEASED.

APPEAL BY S. D. PAGE FROM THE ORPHANS' COURT OF
PHILADELPHIA COUNTY.

Argued January 7, 1890—Decided January 20, 1890.

(a) Testator gave a portion of his estate to trustees in trust for his son
James, for life, and at his death to be divided among other children.
By item 7 of his will, one seventh of the residuary estate was given in
trust for his daughter Ann, for life, and upon her death, after payment of
two legacies, one of $2,000 to her son George, and one of $5,000 to her
daughter Harriet, the residue was to be distributed among testator's
other children.

(b) By item 9 of the will testator provided: "Any portion of my estate
which shall come to or vest in the children of my daughter Ann by way
of remainder under this my will, after the deaths of my sons James and
. . . . , said children shall take and enjoy the same in the same propor-
tions as the sums I have given to or for them respectively after the death
of Ann; that is to say, two sevenths thereof to go to and vest in the said
George absolutely, and five sevenths to the said" trustee of Harriet.

1. In such case, the remainder which came to the daughter Ann at the
death of the son James, passed at Ann's death, not under item 7 as part
of her trust estate, but, under item 9, two sevenths to her son George,
and five sevenths to the trustee of her daughter Harriet.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 270 January Term 1889, Sup. Ct.; court below, No. 152
October Term 1888, O. C.

On November 8, 1888, the account of the Philadelphia Trust,
Safe Deposit and Insurance Company, trustee under the will
of Ambrose White, deceased, showing a balance for distribu-
tion of $2,894.24, was called for audit, when the following facts
were shown:

Under item 3 of the will of testator, Peter A. White and
Thomas Robbins were made trustees of $20,000 for James P.
White, a son of decedent, to apply the income for his benefit
for life, and upon his death after paying proper expenses, "to
divide the accumulated principal and income to and among my
remaining seven children equally share and share alike, and

the issue of any of my said children who may then be dead, leaving lawful issue, and the children and grandchildren of my deceased daughter, Maria Neff, to take however the same share only their respective parents would have taken if living, in the same manner and upon the same trusts and with the same conditions and limitations as I have directed with regard to the shares of my estate herein given and devised to them or for their use and benefit immediately upon my own death."

Under item 7 of the will one seventh of the residuary estate was given to the Philadelphia I., T. and S. D. Company, in trust, to pay the income to a daughter, Ann Holmes, during her life, and upon her death, after reserving two specific legacies, one of $2,000 to her son, George W. Holmes, and one of $5,000 to her daughter, Harriet K. Jamison, to grant, convey, etc., " to my children, John F., Peter A., Alexander Henry, Rebecca P., Mary P., and Elizabeth C., and the children and grandchildren of my deceased daughter Maria Neff, equally, share and share alike, as tenants in common and not as joint tenants, and the issue of any of my said children who may then be dead leaving lawful issue, such issue, however, and the children and grand-children of my said deceased daughter, Maria Neff, to take the same share only that their respective parents would have done if then living, in the same manner, upon the same trusts, and with the same limitations and conditions as I have directed with regard to the shares of my estate herein given and devised to them or for their benefit, immediately upon my own death."

Another provision of the will was as follows:

" 9. Item. My will is, and I hereby direct, that as to any portion of my estate which shall come to or vest in the children of my daughter, Ann M. Holmes, by way of remainder under this my will, after the deaths of my sons, James P. and Peter A., and the wife of the latter, that the said children shall take and enjoy the same in the same proportions as the sums I have given to or for them respectively after the death of the said Ann M. Holmes; that is to say, two-sevenths thereof to go to and vest in George W. Holmes, absolutely, and five-sevenths thereof to the said the Philadelphia Insurance, Trust and Safe Deposit Company, in trust for Mrs. Harriet Jamison, in the same manner, upon the same trust, and with the same conditions and limitations as I have directed with regard to said sum of Five Thousand Dollars."

Opinion of Court below.

The auditing judge, HANNA, P. J., filed the following adjudication:

It appears the fund in the present account is the share of Mrs. Holmes, in a fund held by Thomas Robbins and Peter A. White, as trustees for James P. White, under the will of testator, and awarded to accountant by this court upon the settlement of said trust estate.

James P. White died in the lifetime of Mrs. Holmes; she having died September 11, 1888.

This sum held in trust for Mrs. Holmes, is now to be distributed in accordance with the following provision in testator's will, to wit: [Item 9 above quoted.]

Said George W. Holmes is still living, so that he would be entitled to said proportion of two sevenths of the fund absolutely, which passes therefore to the Commonwealth Title and Trust Company, under his voluntary deed of trust dated September 25, 1888. Mrs. Harriet Jamison, however, died April 30, 1887, leaving two sons, B. K. Jamison, Jr., of full age, and William S. Jamison, a minor, who, according to the will of testator, are entitled to five sevenths of the fund in equal shares absolutely.

A distribution having been reported accordingly, S. Davis Page, guardian of Sophia Peace Vernon and Ellery Peace Vernon, minor children of a deceased daughter of testator, and as trustee for A. H. White, a son of testator, and as attorney for Jas. M. White, also a son of testator, excepted to the foregoing adjudication, alleging that the auditing judge erred in holding that the balance for distribution was to be distributed in accordance with the ninth item, and not under the clause quoted from the seventh item of the will.

After argument, before the court in banc, the following opinion was filed, FERGUSON, J.:

It would seem as if there ought not to be any controversy as to what the testator meant as to the disposition of the fund which is the subject of this account. He had bequeathed one seventh of his residuary estate in trust for his son, James P. White, during his natural life, and at his death to divide the principal and any accumulated interest among his remaining

seven children, and the children and grandchildren of his deceased daughter, Maria Neff, and the issue of any other of his said children who may then be dead, leaving issue, etc. By the ninth clause of his will he provides: " As to any portion of my estate which shall come to or vest in the children of my daughter, Ann M. Holmes, by way of remainder under this my will, after the deaths of my sons, James P. and Peter A., and the wife of the latter, that the said children shall take and enjoy the same in the same proportions as the sums I have given to or for them respectively after the death of the said Ann M. Holmes, that is to say, two sevenths thereof to go to and vest in George W. Holmes absolutely, and five sevenths to the Philadelphia etc. Company, in trust for Mrs. Harriet Jamison."

The fund which is the subject of this present account is the share of Mrs. Holmes in the estate held in trust for her brother, James P. White, during his life, and which, upon his death, vested in her by way of remainder, under the terms of the will of testator.

The testator had created a number of trusts for the lives of his different children, and had very minutely directed the disposition of the trust funds after their respective deaths. With regard to Mrs. Holmes, after her death the estate held for her was to be distributed as follows: $2,000 to her son, George W. Holmes, absolutely, and $5,000 to be held in trust for her daughter, Harriet Jamison, and the residue to be divided among the children of the testator whom he named in his will.

It was claimed that this fund ought to be consolidated with and distributed as part of the trust estate of Mrs. Holmes in the manner just recited. This would undoubtedly be true if the ninth clause were eliminated from this will, as in the trust for his son, James P., it is provided that in the event of the termination of the said trust by his death and the distribution of the trust estate among his brothers and sisters, they are to hold their respective shares upon the same trusts and with the same conditions and limitations as the testator had directed with regard to the shares of his estate given and devised unto them respectively. But the testator, before he closed his will by the ninth clause, which is the very last one in which he makes any disposition of his estate, alters and changes all this, so far as it relates to the share of Mrs. Holmes, and thereby declares with

Arguments.

regard to any portion of his estate that shall come to or vest in the children of his daughter, Mrs. Holmes, under the clause creating the trust for his son, James P., it shall, after the death of Mrs. Holmes, vest, two sevenths in her son, George W. Holmes, and five sevenths in trust for her daughter, Harriet Jamison.  Here there is an entirely different disposition of this portion of his estate from what he had previously made with reference thereto.  Why the testator made this change is immaterial.  That he fully intended to make it is very evident from the fact that this ninth clause was written in the will. It does not mention any other subject, and relates to none of his other children or to any other part or share of his estate, and could not possibly have been inserted without the testator having in his mind some clear and well-defined purpose, and what that purpose was is evident from the words of this clause.  If it is repugnant or inconsistent with any previous portion of the will, the other portion must give way, and this be regarded as the testator's last will and testament.  The auditing judge was, therefore, correct in distributing this fund under the ninth clause of the testator's will, and therefore the exceptions are dismissed and adjudication confirmed.

The exceptant then took this appeal, specifying that the court erred:

1. In awarding to George W. Holmes and the children of Harriet Jamison the portion of the trust estate of James P. White given to Ann M. Holmes under the will of Ambrose White, deceased.

2. In not awarding the portion of the trust estate of James P. White given to Ann M. Holmes under the will of Ambrose White, deceased, to the surviving children of the said Ambrose White and the children of such of them as might be dead.

3. In dismissing the exceptions filed to the adjudication of the auditing judge.

*Mr. S. Davis Page* (with him *Mr. E. P. Allinson* and *Mr. S. C. Perkins*) for the appellant.

Counsel cited: White's Est., 6 Pa. C. C. R. 260; Nathans v. Morris, 4 Wh. 389; Mutter's Est., 38 Pa. 314; Seibert v. Wise, 70 Pa. 147; Finney's App., 113 Pa. 11; Sheetz's App.,

82 Pa. 213; Schott's Est., 78 Pa. 40; Middleswarth v. Black-more, 74 Pa. 414; Edmondson v. Nichols, 22 Pa. 79; Jones's App., 3 Gr. 169.

*Mr. Frank R. Shattuck* and *Mr. Henry T. Dechert* (with them *Mr. Alexander P. Colesberry*), for the appellees.

Counsel cited: Weber's App., 17 Pa. 474; Malone v. Dobbins, 23 Pa. 296; France's Est., 75 Pa. 220; Newbold v. Boone, 52 Pa. 167; Jarman on Wills, 5th Am. ed., *472, *527; Urich's App., 86 Pa. 386; Schott's Est., 78 Pa. 40; Horwitz v. Norris, 60 Pa. 261; Shreiner's App., 53 Pa. 106.

PER CURIAM:

The able and ingenious argument of the learned counsel for appellant has failed to convince us that there was any error in construing the will of Ambrose White. For reasons given in the opinion of the court below, we think the provisions of that instrument, so far as they relate to the present contention, were rightly construed, and the decree should not be disturbed.

Decree affirmed on the opinion of the court below, and appeal dismissed, at the costs of appellant.