Estate of Robert Mehard, deceased.  Appeal of T. J.
Pyle, Geo. H. Pyle, R. E. Pyle, Luella Morrison and
A. C. Pyle.

*Will—Interpretation—Equality among children.*

It is a well-established rule of law that, in all efforts to reconcile statements in wills of decedents or to interpret the meaning of the same, it must be done with the great object in view,—that of equality among the children.

Specific bequests having been made to grandchildren which aggregate the full distributive share that would have passed to their parent if living, these grandchildren are not entitled to share in the residuary estate under the following clause: "And lastly, all the residuary is to be divided equal."

Argued May 13, 1897.   Appeal, No. 141, April T., 1897, by
T. J. Pyle et al., from decree of C. P. Lawrence Co., June T.,
1896, No. 5, directing distribution.  Before RICE, P. J., WIL-
LARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ.  Af-
firmed.

Exceptions to auditor's report.   Before WALLACE, P. J.

The following facts appear from the report of the auditor:
Decedent was a widower and at the time of his death had the
following children and children of a deceased child: Robert M.
Mehard, Thomas M. Mehard and George H. Mehard, sons, Anna
Morrison, widow of James F. Morrison, Elizabeth J. Dobbs and
Mary Matilda Steffler, daughters, also five children of a deceased
daughter, viz: George H. Pyle, Luella Morrison, R. C. Pyle,
A. C. Pyle and T. J. Pyle.

The essential portions of his will were as follows:

"Art. 1st. I give and bequeathe to my youngest son George H.
Mehard, my dwelling house and lots in the village of Wurtem-
burg, bounded on the north by the Portersville road 176 feet,
on the east by Geo. Fox and J. J. Kelly, on the south by mill
lot and on the west by Mill street, together with all the build-
ings erected thereon, also all my parlor furniture, all the carpets
in the said house, one bed complete with bedstead and springs,
also the yearling colt and my new book case.  This is for his
sacrifice in staying at home and taking care of his mother and

I and not to interfere with his equal share with the other heirs to the balance of my property, real, personal and mixed.

"Art. 2d. Heirs of Christiana Pyle: George H. Pyle, $200.00; Luella Morrison, $200.00; R. E. Pyle, $200.00; A. C. Pyle, $200.00; T. J. Pyle, $200.00; $100.00 of which is to be each one year after my death, and the balance when made out of the property at three per cent. (3%) till paid.

"Art. 3d. $500.00 to be retained or set apart in the property the interest of which is to be paid to the preacher of the U. P. church at Wurtemburg so long as they hold to the doctrine and principles of the church at the time of the Union in 1858, and if they make any change in the fundamental principles of the church then it the above appropriation shall cease and go back to my heirs and share equal.

"Art. 4th. Anna M. Morrison to have the note which I hold against James F. Morrison, now filed in Beaver against the 31 acres got of the Wellar farm, interest to be computed at 3 per cent. per annum, commencing the year 1880, and she is to have as much more as will make her equal to each of the five heirs.

"And lastly, all the residuary is to be divided equal."

The auditor in his report found the following conclusions of law: "Equal to each of the five heirs" means that Anna is to have enough to make her equal not to the whole received by George under both the specific and the residuary gift, but enough to make her equal to what each would receive in the division of the residue. She is to have enough to make her equal and then divide the residue among the five. Thus she is excluded from the share in the division, and the Pyle children are also excluded because not expressly mentioned as having more than the legacy to them, and because there are only five to share the residue, and because it is evident that he intended equality among all the children after the specific gifts to George. The word heirs means children in the phrase equal to the five heirs.

No reason is assigned in the will, and none has been shown, for giving a double portion to Christiana's children. To admit them to share in the residue, in addition to their legacy, would give them a full double portion, which is unjust, unless as in case of George, there is some reason to justify it. The testator, regarding all his seven children, but substituting the children

of Christiana in her place, and having in view all his property to divide among them, very evidently intended to first discharge his obligation to George, then to provide for the grandchildren by a general legacy to them, and also provide for Anna by specific gift to her to which was to be added enough more to make her equal to the rest of his children, and then divide the residue equally among the other five. This seems to fully reconcile all the provisions of the will, and is agreeable to every sense of justice.

The will is very anomalous, and is to be construed by reference to its several provisions. So far as the auditor has been able to examine, he can find no case reported which is at all like this. But he believes the intent of the testator is sufficiently expressed in his will, and that no other interpretation can be rendered consistent with its several parts than that at which he has arrived.

The auditor, therefore, has divided the whole fund left, after payment of the legacies to the Pyle children, equally among the five children of deceased, viz : Robert W. Mehard, Thomas M. Mehard (or to his administrators so much as remains still unpaid of his share), George H. Mehard, Elizabeth J. Dobbs, and Mary Matilda Steffler.

Exceptions to the auditor's report were overruled by the court below.

*Error assigned* among others was (1) In overruling and dismissing the second exception to the auditor's report, viz : " The auditor erred in holding that the residuary clause in testator's will, viz : ' And lastly, all the residuary is to be divided equal,' " means equally among the five heirs, and that the heirs of Christiana Pyle are excluded in said residuary clause.

*B. A. Winternitz*, with him *J. G. McConahy* and *Jas. A. Gardner*, for appellants.

*D. B. Kurtz*, with him *L. T. Kurtz* and *D. S. Morris*, for appellee.

OPINION BY REEDER, J., July 23, 1897 :

This question arises out of the distribution of the residuary estate of R. Mehard. The testator died, leaving six children

living and five children of a deceased daughter. The residuary clause of the testator's will provides : " And lastly all the residue to be divided equal."

Appellants claim that this division was not in accordance with this residuary clause in the will, for the reason that the five children of the deceased daughter were excluded from a distributive share—namely one sixth of the residue.

The testator among other specific bequests bequeathed to each one of the children of the daughter of Christiana Pyle $200. To no one of his children, except his son George and his daughter Anna M. Morrison does he directly bequeath any part of his estate except their distributive share of the residuary estate. The entire participation of the other children in the division of his estate is limited to their share of the residuary estate.

In the clause in which the specific bequest to George is made, is found this paragraph : " This is for his services in staying at home and taking care of his mother and I, and not to interfere with his equal share with the other heirs to the balance of my property, real, personal and mixed." The clause in which he makes the specific bequest to Anna M. Morrison he concludes with " and she is to have as much more as will make her equal to each of the five heirs." The words " much more " can only refer to her distributive share of the residuary, for there is no other provision in the will to which it can apply. The words " shall make her equal to each one of the five heirs " merely indicate that in a distribution of this " as much more " from the residuary estate " as will make her equal to the other five heirs," to the exclusion manifestly of the children of Christiana Pyle.

This seems to be so plain an interpretation of the testator's purpose and intention as to require no argument. The assignments of error are therefore all overruled and the decree of the court below confirming the auditor's report is affirmed.