## Fichthorn, Appellant, *v.* Fichthorn.

*Wills—Codicils—Revocation—Devise.*

Where a testator devises a particularly described parcel of real estate to one of his sons for life with remainder to the son's children, and by a later clause in his will directs his executors to sell all of his real and personal estate and divide the proceeds thereof among his eight children share and share alike, and by a codicil practically repeats the direction to sell all the estate and make division among all the children, neither the later clause in the will, nor the codicil revokes the specific devise to the son.

Argued Nov. 14, 1910. Appeal, No. 247, Oct. T., 1909, by plaintiffs, from judgment of C. P. Berks Co., Aug. T., 1907, No. 24, for defendant on case tried by the court without a jury in suit of Andrew R. Fichthorn et al., Executors of Andrew Fichthorn, deceased, v. Matilda Fichthorn. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Ejectment for a lot of land in the city of Reading.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109.

STEVENS, J., filed the following opinion:

From the testimony submitted I make the following:

### FINDINGS OF FACTS.

1. Andrew Fichthorn died testate in the city of Reading on June 25, 1903. His will, with two codicils, was duly probated and is recorded in the office of the register of wills in and for Berks county in Will Book, Vol. 22, p. 27. He left to survive him a widow, Rachael Fichthorn, who died April 7, 1905, eight children and eight grandchildren, children of his deceased son, George L., as follows: George, Harry L., Samuel, Florence, John, Stella, Edith and Ralph.

2. The plaintiffs, Andrew R. Fichthorn, Jacob W. Fichthorn and Walter D. Fichthorn are the duly appointed

executors of the will of Andrew Fichthorn, deceased, and are ordered and directed in said will, upon the death of the widow Rachael, to sell all the testator's real estate at public sale and divide the proceeds equally among the eight children of the testator, all of whom were living at the date of the execution of the will.

3. At the time of his death Andrew Fichthorn was the owner in fee simple of the property in dispute which is a two-story brick dwelling house and lot of ground situated on the west side of Mifflin street in the city of Reading, between Chestnut and Spruce streets, bounded on the north by property of George Kemp, on the east by Mifflin street, on the south by property of William Eisenbise and on the west by a ten foot wide alley, containing in front on Mifflin street fifteen feet and in depth 104 feet.

4. The will of Andrew Fichthorn disposes of the property in dispute as follows:

"Item. I bequeath to my son George L. Fichthorn the use of house No. 220 Mifflin Street rent free so long as he lives and after his death the said house is to go to his children each share and share alike."

5. George L. Fichthorn died May 26, 1902, and his widow Matilda Fichthorn, the defendant, with her eight children has been in possession of house No. 220 Mifflin street continuously since that time.

6. The will of Andrew Fichthorn provides, inter alia, as follows:

"Item. I order and direct my executors hereinafter named that after the death of my wife all my real and personal estate shall be sold at public sale, and the money arising therefrom, after all my debts are paid, shall be equally divided among my eight children as follows: Clara C. Fichthorn, Andrew R. Fichthorn, Annie M. Fichthorn now intermarried with C. F. G. Bergner, Martha E. Fichthorn now intermarried with Samuel S. Yocum, George L. Fichthorn, Jacob W. Fichthorn, John W. D. Fichthorn, share and share alike after deducting however the charges made in the family book."

The codicils are:

"1. This writing is to be considered Part of my will and addition to what is allredy Stated and would Now State here that my Daughter Clara C. Fichthorn Daughter of Andrew and Rachel R. Fichthorn is to be paid Directly after my Desease a yearly sum of two hundred Dollars in monthly payments Faithfull Payments must at all times be made untill sutch a time her mothers death, then Share and Share alike Property that Dont Pay to that is if it Dont Realise interest it may be sold at any time seen Propper if a Reasonable price Can be had an money Devided share and share alike No Charge to be mad on Either one for Former Receipts and not quarrel amongst yoursev Nothing is to be Charged which has allready been Received By Different ones and no fauld is to be found George is to have a Life Estate in his share and No Debt any any kind is to be of any good and shall have no Part in his share Clara C. Fichthorn to have all household goos sutch as Piano Parlor furnature all Belonging together and all other furnature Belonging to me Clarra is to have free of Charge."

"2nd. All Furnature in the house Belonging to me I bequeath to my Daughter Clarra C. Fichthorn Consisting Peana Rock and Red Parlor Suit all Belonging together my Daughter Clarra C. Fichthorn is to have out of my estate as soon as she may get in want in monthly Payments two Hundred and fifty Dollars My Daughter E. Fichthorn is to have if she needs any help one Dollars this to Explain that the Crossing of Daughter Clara C. Fichthorn and Daughter Hannah E. Fichthorn was Done for the Reason that by this I bequeath unto my Daughter Clara C. Fichthorn a share and share alik to my daughter Hannah E. Fichthorn of all my Estate Consisting Real & Personal I bequeath to my son Andrew R. Fichthorn to Share and Share alike.

"I bequeath to my son Jacob W. Fichthorn

"I bequeath to my S. W. D. Fichthorn

"I bequeath to my Daughter Ana Fichthorn Bergner

intirmarried with F. G. Bergner Share and Share alike however in trust as long as She lives at her Deth to come back to her Relatives

"I bequeath to my daughter Martha Fichthorn Share and Share alike now intermarried with Samuel Yocum.

"I Bequeath to my Son George L. Fichthorn Share and Share alike in trust and No Claims to be of any effect of no kind Just a Living for their Living for George & wife and will not be allowed to make Debts."

### CONCLUSIONS OF LAW.

The legal title to premises No. 220 Mifflin street upon the death of Andrew Fichthorn, under the terms of his will vested in the children of George L. Fichthorn, deceased, who are George Fichthorn, Samuel Fichthorn, Florence Fichthorn, John Fichthorn, Stella Fichthorn, Edith Fichthorn and Ralph Fichthorn.

### DISCUSSION.

The plaintiffs contend that the subsequent clauses relating to a disposition of all the testator's estate are inconsistent with the devise to George with remainder to his children and must prevail especially in view of the general intent to make an equal division amongst all the testator's children. The will is loosely drawn, apparently by a scrivener unlearned in the law; the codicils were written by the testator and are illiterate and in places incoherent in expression. The devise to George is clearly expressed and can only be controlled by plain and distinct words referring to the same subject-matter and clearly inconsistent therewith. The plaintiffs base their case upon a construction of the residuary clause in the will and the two codicils. By the residuary clause the executors are directed to sell all of the testator's estate and divide the proceeds equally among all the children. The clearly expressed intention in the first codicil is to forgive the advancements charged in the will itself and to make an equal division among all, irrespective thereof. The

second codicil bequeaths the furniture to one of the children, and reiterates the testator's intention to make equal division. The codicils, in so far as they relate to the disposition of all the testator's estate, are a repetition of the direction in the residuary clause to sell all the estate and make division among all the children. The question then resolves itself to this. Does a general disposition of the whole estate in a residuary clause revoke a prior specific devise? The rule which sacrifices the former of several contradictory clauses in a will is never applied, but on the failure to give the whole such a construction as renders every part of it effective; the will is to be construed as a whole and one part is not to be treated as repugnant to another, if it is possible for it to stand: Mutter's Estate, 38 Pa. 314.

A general residuary clause at the end of a will is construed as intended for nothing more than a disposition of those portions of the estate which have not already been disposed of. The rule is laid down by Redfield in his work on Wills, Vol. I, pp. 445–446, "that where the testator makes a general devise or bequest which would include the whole of his estate and in other portions of the will make specific dispositions, these shall be regarded as explanations or exceptions out of the general dispositions and it will not be important in such case whether the general or specific provision comes first in order: since in either case the general disposition will be made subject to the more specific ones. This rule was early applied. In the case of Wrallop v. Darby, Yelverton's Reports, 210, the testator devised all his estate to his son and by a subsequent clause gave particular lands to S. "It was adjudged that the heir of S. should have the land; for when the devisor gave all to J. his son, in tail, and afterwards by another clause in the will gave the lands in one will to S. that is an explanation of his intent that J. should have all Praeter the lands in the will appointed to S."

A similar question arose in the case of Barber v. Conrow, 12 W. N. C. 406. There the devise was:

"Item 10. I Give and bequeath to my daughter Anna Alida, dwelling No. 1912 Spring Garden Street, valued by me at $14,000.00 Dollars. Item 18. I give, devise and bequeath to my Executors hereinafter named, all my estate, real, personal and mixed," etc. In delivering the opinion of the court HARE, Judge, says: "As a general rule when a testator makes a specific disposition of a part of his property, and, later on in the will a different disposition in which he uses the words 'all my property,' or like terms, the latter disposition is construed to refer to all the residue of his property, as otherwise the previous specific disposition would be wholly defeated.

"The clearly expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention:" Sheetz's App., 82 Pa. 213.

And now, to wit, January 4, 1909, I find in favor of the defendant for the property described in the writ.

*Error assigned* was the judgment of the court.

*F. W. Nicolls*, of *Rick & Nicolls*, for appellants.—The codicil being irreconcilable and posterior in position revoked the earlier devise: Robinson v. Martin, 2 Yeates, 525; White's Est., 132 Pa. 17; Alsop's App., 9 Pa. 374; Line's Est., 321 Pa. 374.

The particular intent of the devise must yield to the main intent of the codicils: Jones's App., 3 Grant, 169; Middleswarth v. Blackmore, 74 Pa. 414; Ferry's App., 102 Pa. 207; Hartman v. Herbine, 7 Pa. C. C. Rep. 630.

If the meaning be doubtful, the construction of equality among the children resolves the question in favor of revocation: Weber's App., 17 Pa. 474; Malone v. Dobbins, 23 Pa. 296; Mehard's Est., 5 Pa. Superior Ct. 336; Musselman's Est., 5 Watts, 9; Evans's Est., 11 Kulp, 212.

*J. K. Grant* and *C. H. Ruhl*, for appellee.—The case

of Sheetz's App., 82 Pa. 213, is undoubted authority for our contention that the devise of the house and lot in question to his son, George L., for life, and remainder to his children, is not revoked by the latter clause, wherein he disposes of "all my real and personal estate." See also Yost v. Ins. Co., 179 Pa. 381.

Per Curiam, December 12, 1910:

We all concur in the conclusion reached by the learned judge of the common pleas, that the devise to George L. Fichthorn for life, with remainder to his children, was not revoked by the subsequent clauses of the will, or by the codicils thereto. Notwithstanding the able argument of appellant's counsel, we think this conclusion carries out the actual intent of the testator, and that none of the rules of construction adverted to by counsel is sufficient to warrant us in holding otherwise.

The judgment is affirmed.