## Conner's Estate.

*Wills—Construction—Irreconcilable repugnancy between clauses.*

1. Where there is an irreconcilable repugnancy between two clauses of the will, the last clause prevails.

2. Under a gift of one-half of the residue in trust for A and B for the life of the survivor, with gift over of the *corpus* to the children of B and a gift of the other half in trust for C and D for the life of the survivor, with gift over of the *corpus* to the children of D, followed by alternative gifts of the second half, if D died without descendants then living, to B, and in case of the death of C and D without leaving descendants, upon the same trusts "as though said share had originally formed a part of the first half," there is an irreconcilable conflict between the two clauses creating alternative gifts, and the last prevails.

Exceptions to adjudication. O. C. Phila. Co., April T., 1906, No. 656.

The Auditing Judge, BALDRIGE, P. J., 24th judicial district, specially presiding, said in his adjudication:

"These trusts arose under the will of testatrix, who died March 21, 1905, whereby she gave the residue of her estate to the accountant as trustee, after making provision for her husband for life out of the income of her entire estate—and her husband died July 13, 1915—to divide the estate into two equal parts, and then directed the trustee to hold the first of these half parts until the decease of her son, Alvin M. Brinckle, and his son, Minor Gordon Brinckle, to pay the income to Alvin during life, and upon his death to Minor Gordon Brinckle during life, with limitation over of principal on the death of Minor Gordon Brinckle to his children then living and the descendants of any then deceased *per stirpes;* and as to the other half, the trustee is to hold the same until the decease of testatrix's son, Addington L. Brinckle, and his son, Addington Gordon Brinckle, to pay to Addington Gordon Brinckle $35 per month, and until the death of both to pay the residue of income to Addington L. Brinckle during life, and upon his death to pay the whole net income to Addington Gordon Brinckle during life, with limitation over of principal on the death of the latter to his children and descendants of deceased children *per stirpes.*

"Then come the following clauses:

" 'In trust upon the decease of my said son Addington L. Brinckle and his son Addington Gordon Brinckle, in case there shall be no descendants of my said grandson then living, to pay over, assign and convey the principal of said shares to my grandson, Minor Gordon Brinckle.

" 'In trust in case of the decease of my said son Addington L. Brinckle and his son Addington Gordon Brinckle, without there being at the death of the survivor any descendants of my said grandson then living, to pay over, assign and convey the principal of said share to the trustee of the other moiety of my residuary estate, to be held upon the same trusts as though the said share had originally formed part of said other part or share.'

"As to the first half, the husband having died July 13, 1915, and Alvin M. Brinckle June 22, 1924, the trust continues as to Minor Gordon Brinckle during life; and he has one child, Gordon Victor Alvin Brinckle, a minor, for whom the Franklin Trust Company is guardian *ad litem.* As to the second half, Addington L. Brinckle died Nov. 23, 1913, and Addington Gordon Brinckle on Aug. 26, 1925, without descendants.

"The residue has never been actually divided into two parts, as provided by the will, but has been kept together, and the account as filed includes both parts; and the purpose of filing the account is to distribute the principal of

the part heretofore held for Addington Gordon Brinckle, of whose estate Emma R. Brinckle is administratrix.

"A construction of the two clauses of the will above recited in full, therefore, becomes necessary.  If either of these two clauses stood alone, there would be no question, for, under the first, Minor Gordon Brinckle would take an absolute estate; and, under the second, this half would be added to the first half and held upon the trust there declared.  It was contended, on the one hand, that the two clauses are inconsistent, and that, as the last of two conflicting and irreconcilable clauses expresses the last intention of a testator, the latter clause must prevail; and, on the other hand, that a gift once clearly given cannot be taken away or cut down by doubtful expressions in another clause, but only by expressed words or clear implication (40 Cyc., 1415; Shower's Estate, 211 Pa. 297; Buechley's Estate, 283 Pa. 107), and that no such express words or clear implication can be found in the will.

"As said by Mr. Justice Mitchell in Woelpper's Appeal, 126 Pa. 562 (572) : 'In the construction of wills, the great general and controlling rule is that the intent of the testator shall prevail.  And by his intent is meant his actual intent. . . . With the desire to reduce to a minimum the perplexity and uncertainty inseparable from the subject, courts have established certain more or less artificial and arbitrary canons of construction, by which certain forms of expression are presumed to have certain meanings, and in doubtful cases these presumptions are held to be decisive.  But all of these canons are subservient to the great rule as to intent, and are made to aid, not to override it.  As in all such cases, care is required that tools shall not become fetters, and that the real intent shall not be sacrificed to what was intended only as a means of reaching it.'

"A careful reading of the prior clauses creating the two trusts clearly shows testatrix's intention that her children and her grandchildren should enjoy only the income of her estate; and just as clearly that her great-grandchildren, or their descendants, should enjoy the principal.  When, however, she came to contemplate the possibility that her grandson, Addington Gordon Brinckle, might die without issue (in which case intestacy would result were there no further provision), the testatrix wrote the first of the two clauses in question, and, were it standing alone, showed an abandonment of her intent previously expressed.  But she immediately proceeds to write the second of the two clauses in question, whereby she merely substitutes the grandchild named for the one whose death without issue would frustrate her original intent, and clearly showed that she intended to adhere to her original intent, by providing that the principal of the second half shall be added to the first half and held as there provided.  Under these circumstances, the Auditing Judge is of opinion that the actual intent of testatrix is as expressed in the original creation of the trusts.

"It is said by Mr. Chief Justice Moschzisker in Wettengel's Estate, 278 Pa. 571: 'While testator, in the above-quoted residuary clause of his will, makes the devise to his three daughters and 'their heirs and assigns,' he immediately follows this apparently absolute gift by words plainly indicating a contrary intent.  We have repeatedly held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent so to do: Pattin v. Scott, 270 Pa. 49, 51, and cases there cited; Long's Estate, 270 Pa. 480, 485-6.  On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and if the intent to restrict the gift is clear, it must be given effect: Smith v. Piper,

231 Pa. 378, 384; Schuldt *v.* Reading Tr. Co., 270 Pa. 360, 364; Edwards *v.* Newland, 271 Pa. 1, 4. The present will falls fairly within the last stated rule.' And by Mr. Justice Kephart in Buechley's Estate, 283 Pa. 107, 109: 'Where there is a gift of an entire estate by clear and explicit language, the presumption is that the gift is absolute, and subsequent clauses to reduce it must do so by language which is equally . clear and explicit, having the undoubted effect of causing such diminution: Smith *v.* Bloomington, 282 Pa. 248. Where the two clauses cannot stand because of manifest inconsistencies, the latter clause must prevail.'

"In the opinion of the Auditing Judge, the intent of testatrix to vest principal in great-grandchildren and their descendants remained unchanged. The second half must, therefore, also be awarded to the trustee to be held upon the uses and purposes declared as to the first half. But, in order to avoid any readjustment of figures in case this view is not sustained on review, the two moieties will be separately awarded.

"The account does not show any balance; but of the combined balance of principal of personal estate and proceeds of sale of real estate, one-half is awarded to the accountant as trustee for Minor Gordon Brinckle upon the uses and trusts declared by the will of the testatrix; and the second half, less fee to counsel for accountant, $150, and fee to counsel for the guardian *ad litem* of Gordon Victor Alvin Brinckle, $150, is also awarded to the accountant upon the uses and trusts declared by the will of testatrix as to the first half of her residuary estate.

"Of the whole balance of income shown by the account and the petition for distribution, together with all additional income or interest on deposits to date of payment, one-half is awarded to Minor Gordon Brinckle, and the other half, subject to its being first apportioned and the payment of that accrued in the lifetime of Addington Gordon Brinckle to the administratrix of his estate, is also awarded to Minor Gordon Brinckle."

*George F. Douglas,* for exceptions.

*Frederick W. Breitinger* and *Maurice G. Belknap,* contra.

VAN DUSEN, J., Jan. 29, 1926.—The two clauses under discussion are so flatly contradictory that the attempt to reconcile them is not satisfactory. It may be surmised that the draftsman of the will submitted both clauses to the testatrix for her choice, and that the retention of both in the completed will was an inadvertence. The courts must make the choice, and the last clause is to prevail for two reasons:

1. Because it is the last, which is the rule to be followed in cases of "irreconcilable repugnancy:" Weltmer's Estate, 1 Pears. 415; Grimm's Estate, 6 Dist. R. 21; Lewis's Estate, 3 Wh. 162; Patterson *v.* Swallow, 44 Pa. 487; Geiger's Appeal, 24 W. N. C. 264; White's Estate, 132 Pa. 17. (In Grimm's Estate, Judge Ashman applied the rule to repugnant expression of judicial opinion.)

2. Because it is more consistent with the general plan of the testatrix. No reason appears why she should give the original one-half share in trust for Minor Gordon Brinkle and his issue, and the accrued share to him outright. The reasons given by the Auditing Judge leave nothing to be added to this point. The exceptions are dismissed.

LAMORELLE, P. J., did not sit.